Alexander *vs.* Dorsey.

No. 4.—James L. Alexander, plaintiff in error, *vs.* John M. Dorsey, defendant in error.

[1.] Lease of a *room,* in a building consisting of several stories and divers apartments, gives the tenant no interest in the *land;* and if the whole building is destroyed by fire, all the lessee's interest is gone: and the landlord may re-enter for the purpose of re-building, without being guilty of an eviction.

Assumpsit, in Coweta Superior Court. Tried before Judge Hill. March Term, 1852.

Alexander *vs.* Dorsey.

This was an action of assumpsit, brought by John M. Dorsey against James L. Alexander, on a note given for the rent of a storehouse.

The defendant filed the plea of " eviction."

On the trial, it appeared in evidence, that Dorsey was the owner of a brick building, containing various rooms, both below and above stairs, situate on Hill street, in the City of Griffin, Spalding County. In October, 1850, he rented one of the lower rooms to Alexander, for twelve months, in which to do business as a " druggist." In February, 1851, the whole building was consumed by fire. A few days thereafter, Dorsey took possession of the premises, by piling up and preserving the bricks, &c. He subsequently, and before the expiration of Alexander's lease, sold the lot to J. A. & J. C. Beeks, who went into possession and commenced to improve the same, by erecting a new build ing thereon.

Counsel for defendant filed divers exceptions, in the progress of the case in the Court below, which the decision of this Court renders it unnecessary to set out.

Sims and Burch, for plaintiff in error.

Glenn and Thrasher, for defendant in error.

*By the Court.*—Lumpkin J. delivering the opinion.

This was an action of assumpsit, brought on a promissory note, given for the rent of a store room, commonly called the *drug store,* in the Town of Griffin. The defendant sought to avoid payment, upon the ground that the plaintiff had entered upon the premises and evicted him therefrom, before the expiration of the term.

[1.] Without deciding upon all of the errors alleged to have been committed on the trial of this cause, we feel warranted by the testimony, in assuming that the note sued on, was given for the rent of a *store-room,* in a building consisting of several stories and divers apartments. And the proof showing that the

*whole building* was destroyed by fire, the lessee's *whole interest* in the property is gone.   And it was no eviction in the landlord, to re-enter before the expiration of the term, for the purpose of re-building.

To rent *land* is one thing, but to rent a *room* in the second or any other story of a house, is another and quite a different thing. By the former, the land itself passes; by the latter, nothing but what comes strictly within the meaning of the contract, and that is the *room*, together with the *use* of a common privy, woodhouse, or any other convenience appurtenant to the building. But when the whole is destroyed by fire, it never was intended by the parties, to prevent the proprietor from re-entering the premises for the purpose of re-constructing the row or block upon the ground where the former stood.   *Woodfall's Landlord and Tenant,* 151.

Judgment affirmed.