Pope *vs.* Garrard.

HENRY C. POPE, plaintiff in error, vs. W. U. GARRARD, executor, defendant in error.

1. By section 2267 of the Revised Code it is declared, "The destruction of a tenement by fire, or the loss of possession by any casualty not caused by the landlord, or from defect of his title, shall not abate the rent contracted to be paid." *Held,* Under this section of the Code, and under the former rulings of this Court, if the premises rented are destroyed by fire during the term, the tenant, under an ordinary rent contract, is liable for the payment of rent for the full period for which he rented.

2. Where a room in a building was rented for a drug store for one year, and three notes were given at six, nine and twelve months for the rent, and the building was burnt down a little before the end of six months, the tenant is liable for the payment of the two last notes as well as the first.

3. The counters and drawers in a drug store placed there by the landlord, and rented in their place with the store, are fixtures, which the tenant has no right to remove, and if the building is burnt and they are saved by the tenant, they are the property of the landlord, and he has the legal right to dispose of them as he thinks proper. The tenant has no right to remove them to another store rented from a third person.

4. The fact that the landlord has the building insured does not change the rights or liability of the tenant. McCAY, J., dissents.

Landlord and tenant. Before Judge WORRILL. Muscogee Superior Court. November Term, 1868.

This was complaint on the following note, begun 15th August, 1867.

" $137 50.                    COLUMBUS, GA., December 22d, 1866.

On or before the first day of July, 1867, I promise to pay W. U. Garrard, executor, the sum of one hundred and thirty-seven dollars and fifty cents, for store rent.                    HENRY C. POPE."

Plaintiff introduced the note and closed. POPE testified to these facts: He rented from the payee a room for a drug store, in the " St. Mary Building," which had other rooms and apartments. The store-room contained counters and drawers, which were rented with it. Pope made three notes, one for half the rent, due the 1st of April, 1867, one for the third quarter's rent, (which is the one sued on,) and one for

the balance, due 1st of October, 1867. On the night of the 24th of March, 1867, said building was burned down. Pope saved the counters, putting them in the street, and the drawers elsewhere, for safety. He had the counters watched Sunday to keep them from being injured, and intended removing them on the next day. On that day plaintiff, without Pope's knowledge or consent, took possession of the drawers and counters. On the 1st of April, 1867, Pope paid the first note, had gotten another store, and told Garrard he would want the drawers and counters. The use of the drawers and counters was worth as much as was the store-room alone, because the room could not be used as a drug store without such. He denied consenting that plaintiff should sell the counters and drawers, he said he might have told the carpenter to go and examine them so as to make similar ones for the new store. When he paid the first note he received from Garrard pay for some of the drawers which he, Pope, had put into the Garrard Store.

The party who was watching the counters testified as follows: He told Garrard's servant, when he came to take them, that Pope would need them; the servant replied that he was moving them to a safer place. He did not think the Garrard store would have rented for more than $100 00 *per annum* without said counters and drawers. He was asked the value of the use of said furniture on the burnt premises during the time, but the Court would not allow him to answer. He did not recollect Pope's sending any one to Garrard to buy the furniture. He was asked if Garrard had not admitted to him that he, Garrard, had received the full insurance for said building. Upon objection made, the Court refused to allow the question answered, but said he would hold the matter under consideration. Before the cause was submitted to the jury, counsel for Pope stated to the Court that plaintiff's attorneys were willing to admit that plaintiff had received $10,000 00 for insurance on said building, if the Court held that that fact was admissible. The Court would not admit it.

In rebuttal, the carpenter, who fitted up the new store,

testified that Pope told him to examine Garrard's counters and drawers, that he might make others like them, and he thought Pope told him that perhaps he could buy those from Gàrrard. He examined them, saw the owner of the new store, and had authority from him to buy them from Garrard, and did buy them on the 28th of March, 1867. GARRARD testified that after he took possession of said furniture Pope told him that the carpenter wished to see him about getting it, and he told Pope to send the carpenter to him. The carpenter came and bought them. Garrard did not recollect what the furniture cost him.

Pope's counsel requested the Court to charge the jury:

1st. That if the proof showed that the plaintiff took and carried away the drawers and counters, without the knowledge and consent of the defendant, and against his will, and appropriated them to his own use, and that they were a part of the premises, before the fire, rented for the year, future rent ceased.

2d. That taking and carrying away of the counters and drawers in the manner testified to, if rented for the year with the room, if not a constructive eviction, (of which the jury must judge) might be an abandonment of the contract, and in this case future rent ceased.

3d. That if the proof did not show an actual or constructive eviction, nor an abandonment of the contract, yet the defendant had a right to recoup damages sustained by any unauthorized appropriation of part of rented property by plaintiff, of which the jury could judge.

4th. That if the proof showed that the store-room was destroyed before the term commenced, for which the note sued on was given, plaintiff could not recover.

5th. That if the proof showed that the property burnt was fully insured, and that the part saved was sold by the unauthorized act of plaintiff, future rent ceased.

The Court refused so to charge, but charged that when a house, or room composing an apartment of a house having many rooms, is consumed by fire, the landlord has the right to take possession of and appropriate all the fixtures and fur-

niture rented with the house or room, saved from the fire, immediately and the tenant has no further interest therein.

The verdict was for the plaintiff for the amount of the note sued on, and a new trial was moved for upon the grounds that the Court erred in rejecting the evidence as to insurance, and in refusing to charge as requested, and because the verdict was contrary to equity and good conscience under the testimony. The Court refused a new trial, and error is assigned on each of said points.

JAMES M. RUSSEL, for plaintiff in error, furnished no brief to the Reporter.

MOSES & GARRARD, *contra*, said the destruction of the building did not stop the rent. White vs. Molyneaux, 2 Kelly, (Ga. R.,) 124; Alexander vs. Dorsey, 12th Ga. R., 12; Washburn on Real Property, 346; Lyon vs. Gordon, 35th Eng. C. L. R., 201; Hallett vs. Wylie, 3d John. R., 44; Fowler *et al.* vs. Bott *et al.*, 6th Mass. R., 68; Holzappel vs. Baker, 18 Vesey, Jr., 115; Irwin's Code, section 2267. The evidence of payment of insurance was inadmissible: Leeds vs. Chatham, 1st Simon's Ch. R., 146; Belfour vs. Weston, 1 T. R., 312; Washburn on Real Property, 347; Magan vs. Lambert, 9th Kinnie's L. Com., 149. There being no evidence of insurance he could not charge the 5th request: 7th Ga., 495; 8th, 114; 11th, 286. The counters and drawers were not fixtures: Taylor's L. and T., section 544; Irwin's Code, sections 2192–3; Chitty on C. 5 Am. Edit., 361. Pope had only an usufruct had they been fixtures: Irwin's Code, sections 2253-4-5; Taylor's L. and T., 554; Tarrant vs. Thompson, 5 B. and Ald., 826; Grady's L. of Fixtures, 201, 204; Chitty on C., 5th Am. Edit, 363; Davies vs. Carnott, 1st Price (Exchequer) R., 53; nor could Pope remove them: Taylor's L. and T., 544; Irwin's Code, section 2255. Fixtures severed belong to the landlord: Bacon's Abr. (N.) Trover; Tarrant vs. Thompson, *ante*: Davies vs. Carnott, *ante*; Higgins vs. Mortimer, 6th C. and P., 616. The verdict was not unequitable: Leeds vs. Chat-

ham, *ante*, Holzappel vs. Baker, *ante*, Story's Equity Jurisprudence, volume 1, section 102.

BROWN, C. J.

1. In this case Mr. Pope rented from Garrard, as executor, a room in a building in the city of Columbus, with the counters and drawers in it, for one year, for a drug store, and gave three notes for the rent, the first note for the first half of the rent, and the other two, each for a quarter's rent. Just before the expiration of the second quarter, the building, including the room so rented, was destroyed by fire, and the question is, was Pope liable to pay the two last quarters' rent? We think the rule which fixes his liability is well settled in this State by section 2267 of the Revised Code, and by the decisions of this Court in *White et al.,* *vs. Molyneux,* 2 *Ga.,* 124, and *Alexander vs. Dorsey,* 12 *Ga.,* 12.

2. But it was urged that he was not liable for the payment of the two last notes, as the house was destroyed before the commencement of the third quarter, for which it is insisted the first of the two last notes was given. The renting was for a year, and the notes were given in accordance with the contract, by which payments were to be made at fixed periods during the year. If the tenant did not intend to be liable for the rent for the remainder of the year, in case the premises were destroyed by fire, he should have protected himself, when the contract was made, by proper stipulations to that effect. Having failed to do so, and having rented for a year, and bound himself to pay the rent by installments, he is liable for the whole.

3. The evidence shows that the store-room was finished off by the landlord with proper counters and drawers for a drug store, and that these were rented with the room. They were put there by the landlord, and not at the expense of the tenant. They were connected with the realty. They were fixtures, and not personal property. When the contract was made, the tenant doubtless understood that they went with the room, and formed an important part of it. See Revised

Code, sections 2192, 2193. These counters and drawers were saved by the efforts of the tenant when the house was destroyed, and he claims that he had a right to remove them to another store rented by him from a third person, and there to use them till the end of his term. In my opinion he had no such right. When they were severed from the realty, and saved, no matter by whom, they became personalty, and remained the property of the landlord, and he had the right to use or dispose of them as he thought proper, (Revised Code, 2194,) and the tenant had no right to remove them to a house rented from another landlord, and use them there. The fact that the tenant saved them from destruction excites our sympathies in his favor, but it in no way affects the legal rights of the parties. We are not at liberty, in this litigation, to adjust the natural equities between these parties. We are to determine what are their *legal* rights.

It is insisted, however, that as the tenant had rented the store-room for the year, and the counters and drawers formed part of it, he was entitled to remove them to another place, and use them as he thought proper during the remainder of his term. If this position be tenable, it would have been equally so if the house had not been destroyed. Will it be contended that the tenant had the right, so soon as he rented the store, to take out the counters and drawers placed there by the landlord, and remove them from the lot, and use them disconnected with the premises for the term? I suppose not. If he did not have the right before the burning, how did he acquire it afterwards?

While the counters and drawers, as fixtures, formed part of the store-room as long as they remained in it, and were not severed from it, they were but the incidents to the thing rented, and were only intended by the parties to be used in connection with it. When the store-room, which was the principal thing in the contract, was destroyed, and they were disconnected and taken from it, they became personalty, and ceased to be part of it. Having become the personal property of the landlord, and the tenant's interest in them having ceased, he had the right to dispose of them as he pleased,

Pope *vs.* Garrard.

without consulting the tenant.   With as much legal propriety could the tenant have claimed the right to take up the plank from the floor of the room, or the ceiling, and remove them to another room on lands not belonging to the landlord, and use them there during his term.

Under the decision in 12*th Georgia Reports*, 12, above cited, which I consider sound law, the defendant did not rent the land upon which the house stood.   He only rented the *room* in the house.   He had only the usufruct in the room, and when the *room* was destroyed, his interest in the premises ceased, and the landlord had the right to re-enter, and re-build, or otherwise dispose of the premises before the expiration of the term for which the tenant rented the room, without any violation of the rights of the tenant.

4. The only remaining question relates to the insurance. And I am satisfied that the Court did not err in rejecting the evidence on that point.   The fact the landlord has, at his own expense, protected his interest in the building by insurance in no way affects the rights or liabilities of the tenant, who has taken no such precaution as to his own interest.   See the authorities cited above by counsel for defendant in error.

It is considered and adjudged by the majority of this Court that the judgment of the Court below be affirmed.

WARNER, J., concurred, but furnished no opinion.

McCAY, J., dissenting.

I have not been able to give my assent to the judgment of the Court in this case.   The proof was conclusive that the fixtures were a material part of the property rented.   Indeed, in the nature of the case, the fixtures of a drug store, the drawers, shelves, etc., are a large part of the consideration, the room being wholly unfit for the business without them.   At the fire, though the house was destroyed, the fixtures were, by the energy of the tenant, saved.   It seems to me that there is neither justice nor law in permitting the landlord to resume control of these fixtures, and yet make the tenant pay the rent.   In this way the landlord clearly

gets pay during the rest of the year twice for his fixtures. It may be that by the strict terms of the contract the tenant has no legal right to take the fixtures off the premises, but it is equally true that by the terms of the contract the landlord lord parted also with the right to use them for the year. One has as much right to move them off the premises as the other. By misfortune it has happened that they can be of no use to either on the premises. In my judgment, under such circumstances, true equity would permit the tenant to take them until his term is out. At any rate, they are his for the year, and if the landlord, against the tenant's consent, has in fact gotten the use of them, I think he ought to account to the tenant for the value of that use, and the defendant ought to have been permitted to recoup against the rent that value.

I am not sure either, under *our law*, which makes it the landlord's duty to keep the premises in repair, that under the circumstances of this case, considering the time of the year, and the fact of the insurance, that the landlord ought to recover at all, after a reasonable time had elapsed for him to repair, and he had failed to do it, but as that point was not insisted on at the trial, I do not put my dissent upon it.