Scott *vs.* Berry.

---

H. A. Scott, trustee, plaintiff in error, *vs.* Thomas Berry, defendant in error.

1. The holder of a rent note, who is not the landlord, cannot sue out a distress warrant for rent not due.  But when, in such a case, the affidavit made for the distress warant, describes the sum sued for as the rent for a plantation owned by a third person, and the rent note is pay_able to such third person or bearer, it does not necessarily follow that the affiant is not the landlord.  If such was the fact, it should be proved upon an issue raised by counter-affidavit before the jury, and the Court asked to charge the law applicable to the case.

Scott *vs.* Berry.

Distress warrant.  Landlord and tenant.  Before Judge HARRELL.  Clay Superior Court.  March Term, 1872.

Thomas Berry made affidavit for a distress warrant as follows: "That H. A. Scott, trustee for his wife and children, of said county, is justly indebted to him, deponent, in the sum of $1,500 for the rent of the plantation of J. F. Trentlen, for the year 1871, and which sum is to mature and become due on December 1st, next, and that the said H. A. Scott, trustee for his wife and children, is seeking to remove his crop from the premises."

This affidavit was based upon a note dated November 29th, 1870, due December 1st, 1871, for $1,500, payable to J. F. Trentlen or bearer, for rent of plantation for the year 1871, of which Berry was the holder.  Scott made the usual counter-affidavit, and upon the trial, moved to dismiss the distress warrant upon the ground that plaintiff, as appeared of record, was not the landlord of defendant, but was the holder of the note given to the landlord, and was, therefore, not entitled to the process of distress warrant.

The motion was overruled and plaintiff in error excepted.

B. EKEMAN ; H. FIELDER, for plaintiff in error.

JOHN C. WELLS ; JOHN T. CLARK, for defendant.

MONTGOMERY, Judge.

It is true that no one but a landlord may distrain for rent: 3 Blackstone's Commentaries, 6, n.; therefore, the holder, as such, of a rent note cannot; but it is not true that only the owner of the fee can be a landlord.  A lease is an estate and may be assigned: *Garner vs. Byard*, 23 *Georgia Reports*, 291. Hence, a tenant may sub-let; and, as to the sub-tenant, he is the landlord—that he takes a rent note, payable to the owner of the fee or bearer, is not inconsistent with the idea of a sub-lease.  For aught that appears by this record, Berry was the original lessee of the Trentlen plantation, and he in

turn sub-let to Scott. If such were not the fact, the issue should have been raised by the counter-affidavit and the proof submitted to a jury, or perhaps the proof might have been made upon the usual counter-affidavit. The motion to dismiss assumes that it appears by the record that Berry is not Scott's landlord. It only appears that he is not owner of the land rented.

Judgment affirmed.