Henderson *vs.* Thompson.

---

JAMES HENDERSON, plaintiff in error, *vs.* WILLIAM H. THOMPSON, for use, etc., defendant in error.

DABNEY P. HOLLOWAY, plaintiff in error, *vs.* GEORGE B. HALLICK, defendant in error.

SEABORN LAWRENCE, plaintiff in error, *vs.* GEORGE B. HALLICK, defendant in error.

In a suit on a promissory note given, as expressed on its face, " for money due on policy," the defendant pleaded that he was induced to sign said note by a false and fraudulent statement, made by the plaintiff's agent with intent to deceive him, that if he became dissatisfied with the contract before the note became due he might withdraw and the note should be returned; that he had become so dissatisfied, and so notified the agent, who had refused to return the note :

*Held,* that it was not error to dismiss the plea, as an effort to engraft by parol a condition upon a written contract, and that the allegation that the parol promise was made with intent to defraud does not help the case, there being no charge that the condition was, by mistake or fraud, left out of the written contract.

Promissory notes. Evidence. Fraud. Before Judge JAMES JOHNSON. Jasper Superior Court. February Term, 1873.

Henderson *vs.* Thompson.

These three cases, involving the same point, were argued and determined together.

The defendants in error brought complaint against the plaintiffs in error on three promissory notes, expressing on their face that they were "for money due on policy." Each of the latter pleaded, substantially, as follows:

On July 27th, 1870, William H. Thompson being an agent of the Security Life Insurance Company, came to the house of this defendant for the purpose of inducing him to insure in said company. The defendant at first refused to make any contract with him; thereupon the said Thompson, as an inducement, and intending thereby to deceive and defraud this defendant, promised him that if he would insure in said company, and give his note for the premium, he should have the privilege, at any time before the same became due, of withdrawing from the contract, and that his note should be delivered to him. With this express understanding the defendant gave the note sued on. Before the same became due, being dissatisfied with said contract, he went to said Thompson and gave him notice thereof, and asked that his note should be delivered to him under the agreement aforesaid. Thompson refused to deliver up the same in accordance with said understanding. Defendant avers that said note was procured by the fraudulent practices and representations of said Thompson, who intended at the time it was given, to entrap him.

The plaintiff is not a *bona fide* holder of said note. The defendant signed the same in ignorance of the law.

To this plea the plaintiff in each case demurred. The demurrers were sustained, and defendant excepted.

W. A. LOFTON; KEY & PRESTON, for plaintiffs in error.

C. L. BARTLETT; REESE & REESE, for defendants.

McCAY, Judge.

The plea is to the effect that the note, though payable at a fixed time, was not in fact to be paid if the maker chose to rescind the agreement under which the note was given. It

might be said that such a plea, under the circumstances, was the setting up of an agreement without consideration, so long as the defendant failed to give the notice the company was to be bound. If the defendant, the insured, died during that time, his family would get the amount of the policy. If the defendant should recant, what was to be the compensation of the company for the intermediate risk? Again, it might be said that the demand for a return of the note is insufficient, the plea should further have stated that the policy was offered to be given up and canceled. But we think the plea sets forth a parol agreement cotemporaneous with the note, contracting its terms. It is admitted that ordinarily this could not be done, but it is contended that the charge that this promise was made by the agent fraudulently and with an intent not to keep it, takes the case out of the general rule. We recognize the doctrine that courts permit parol evidence to contradict the terms of written agreements when the question is whether the paper is a fraud. But the authorities confine this rule to cases of fraud in the *execution*. We have not found a case where this was allowed, unless there was a charge that the condition sought to be engrafted by parol was intended to be put in writing, but was left out by mistake or fraud. In this case that is not pretended. Nothing was said about putting this condition in the note, and no fraud or mistake is charged. Nothing is pretended, but that such a contract was made cotemporaneously with the note, and that the plaintiff, by this agreement thus made with a fraudulent purpose not to keep it, induced the defendant to sign the note. Is there any more reason in permitting a parol agreement to be proven contradicting a written one, on the ground that the parol agreement was made fraudulently and with no purpose to keep it, than there would be in permitting parol evidence of an honest contract which the payee now refuses to recognize? We think the latter stands on a higher footing. In all attempts to qualify or contradict written instruments by parol, it occurs that there is this kind of a fraud, since the very necessity of the evidence comes from the attempt of the

obligee to set up a different contract from the one said by the obligor to have in fact, been made, and this is, if true, a clear fraud, so that to admit the rule as contended for would be to cut up by the roots the whole doctrine of the conclusiveness of the writing containing the contract. As we have said, the rule allowing parol evidence to vary the written contract is confined to the case where the fraud charged is some device or trick by which the condition, though in fact agreed upon, was kept out of the paper. We have examined the cases referred by the plaintiff in error, to-wit: 1 Binney, 615 ; 1 Ser. & Rawle, 464; 75 Penn., 238. These are all Pennsylvania cases where the rule admitting evidence is broadest. They are all cases where the fraud was in keeping the *condition out* of the written contract. And this is the rule as laid down by Greenleaf and by Phillips. The exception to the rule is where the real contract is forbidden by law, and the parties have reduced to writing a contract legal on its face. In such cases public policy suspends the rule and allows the truth to be proven, in spite of and in contradiction to the writing. It is sometimes difficult to say that parol proof is not simply evidence of a different consideration from that expressed. By the express words of our Code this may be done by parol : Code, section 2690. But evidently that is not the intent here. The party, in writing, promised to pay a sum certain on a fixed day, and it is claimed that there was a cotemporaneous contract or stipulation that this was to be at the option of the defendant, and there is no pretence that it was the purpose or intent to put the condition in the note, or that it was left out by fraud or mistake.

We think the court was right, and we affirm the judgment.