Barclay *vs.* Hopkins.

JOHN A. BARCLAY, plaintiff in error, *vs.* JOHN L. HOPKINS defendant in error.

[BLECKLEY, Judge, having been of counsel in this case, did not preside.]

1. Where the entire contract does not purport to be in writing, parol testimony is admissible to show all other terms and conditions, not inconsistent with the written part, especially if the writing be a mere receipt for collection.

2. An agent to procure a competent attorney to collect a note, though said note is without negotiable words, is clothed with power to make the contract for its collection, unless his agency be restricted, and that restriction be made known to the attorney at the time the contract for collection is made.

3. When the contract was that the agent should manage the entire case, and when the entire correspondence of the attorney about the case was with him, and when he made the final compromise of the case, and the attorney paid him the money when collected, under the compromise, and all this was in accordance with the instructions of the agent when the note was delivered by him to the attorney:

*Held*, that the payee of the note must look to his agent for the money collected by the attorney and paid to the agent, and that he cannot recover from the attorney the money so collected under the compromise, even though the attorney neglected to take up from the agent the receipt given in the name of the payee when he paid the money collected to the agent.

Evidence. Contracts. Principal and agent. Attorney and client. Before Judge McCUTCHEN. Fulton Superior Court. October Term, 1876.

Reported in the opinion.

GEORGE S. THOMAS; E. N. BROYLES, for plaintiff in error

COLLIER & SON, for defendant.

JACKSON, Judge.

Barclay sued Hopkins for the collection of certain money, on the following facts:

A receipt, as follows, was given by Hopkins to Balentine, the agent of Barclay: "Received of J. A. Barclay, for collection, a note given September 17, 1866, by E. Kennedy, for five hundred dollars, and due one day after date.. This December 9, '67. (Signed) John L. Hopkins, attorney at law." When the agent gave the note to Hopkins, it was agreed between them that Hopkins should do the best he could to collect or compromise the claim; that he was to receive ten per cent.; that he was to correspond with the agent, Balentine, touching all proceedings in respect to the case, and to pay Balentine the money when collected, who told Hopkins at the time that he was entitled to use it. Accordingly, Hopkins collected the face of the note, according to a compromise made by Balentine with Kennedy, and paid Kennedy the money after deducting commissions at ten per cent. Balentine, some time afterwards, left for Europe, without settling with Barclay for this money, and Barclay sued Hopkins for it. It was further in proof, that Barclay and Balentine had many dealings with each other, and that the latter, before he went to Europe, deeded lands to the former, whether before or after this transaction does not appear, although it was brought out by the sworn testimony of the plaintiff himself. It was also in proof, that plaintiff took a receipt for the note on Kennedy from Balentine, which was given up to Balentine by Barclay, when Barclay got Hopkins' receipt for collection. This was also the testimony of the plaintiff himself, and this receipt is said, in one part of the testimony, to be for collection. When Hopkins paid Balentine the money collected, he did

it through a young man in his office, who did not take up the receipt for collection which he had given.

Upon these facts the jury, under the charge of the court, found for the defendant; the plaintiff made a motion for a new trial; it was overruled, and he brought the case here for review.

The first question is, was Hopkins' testimony as to what transpired when the contract for collecting the note was made with Balentine, Barclay's agent, admissible, or ought it to have been excluded because it varied the written receipt?

We think that the answer to this question depends upon whether or not the whole contract was intended to be in writing—in the receipt given. If it was not all put in the receipt; if the receipt did not make, of itself, an entire contract, then the entire contract, or the part left out and necessary to make the full contract, may be shown by parol, if not inconsistent with the writing. In the case of *Kemp & Mock vs. Byne*, 54 *Ga*, 527, this principle was decided. The question there was, whether Kemp & Mock could show by parol that the title to a billiard table was to remain in them until the purchase money was paid, the note having these words in it: "the same being for one four-pocket billiard table and fixtures, the said table to be subject for purchase money;" and the court held that as all the contract of sale was not in the note, but the note merely expressed the consideration for which the note was given, the parol evidence was admissible.

So in this case. The receipt does not express the whole contract—the terms and conditions of the collection, whether to be collected in full only, or compromised, and who was to be looked to by Hopkins in the management of it. We think that these facts could be shown by parol in the light of the principle decided in 54 *Ga.*, 527. If the whole contract were in the receipt, it could not be varied or added to by parol; but the contract in its entirety is not in it, and was not intended to be in it. The price of collection itself

is left out.   All that the receipt shows is that Hopkins took the note for collection from Barclay, but how he was to collect it, or how much he was to settle at, is not in it, nor are any of the terms of the contract.   And this ruling in 54 *Ga.* accords with the Code, sections 3803 and 2757, which are to the effect that if part only of a contract is reduced to writing, and the writing was not intended to embrace it all, then parol evidence is admissible to show the remainder of it if not inconsistent with the writing.   Besides, a mere receipt for money is always susceptible of explanation by parol.   Code, §3807.   If so, why not a receipt for anything else of value?   Unquestionably, we think it may be explained where it does not speak the whole contract, by adding by parol the parts omitted, which are not *inconsistent* with what is written.   And in this case nothing is added in parol which does not consist with the receipt.   And so it is distinctly ruled on an attorney's receipt in the case of *Cox vs. Sullivan,* 7 *Ga.,* 146.   Judge Nisbet, in that case. says: "There is no doubt that an attorney may stipulate in writing with his client as to the extent and terms of his obligation, and when that is done the parties will be bound by it as the highest evidence of what their contract is.   The parties have not done that in this case.  .  .  .  .   The receipt proves the bailment—the delivery of the note for collection—and no more."   That case covers this fully.

2. We think, too, that the agent of Barclay, even if empowered by him only to place the paper in the hands of an attorney for collection, was empowered to make the contract in regard to the manner and terms of the collection.   The one power necessarily carried with it the other.   Certainly if he was limited or restricted in it by his principal, the other party to the contract ought to have been informed of it; and in the absence of such information and knowledge, he had a right to presume that the agent had the full power. In 16 *Ga.,* 431, Judge Lumpkin says, "that an agency, whether general or special, and whether conferred in one way or another, *unless the contrary manifestly appears,* is

always construed to include all the usual and necessary means of executing it with effect." So, when this agent of Barclay came with the note for collection to Hopkins, the latter of course must have presumed, and could legally presume, that he had the right to stipulate all the terms for its collection. See Code, §2194. The bargain, therefore, was just the. same as if made by Barclay himself. Nor can it make any difference that the note was not negotiable on its face. It is assignable, and the title passes by assignment. Code, §2244. It seems, then, just as transferable as if payable to order.

3. Now then, the bargain was that Balentine should manage the whole business, conduct all the correspondence, and act as agent for Barclay throughout.

If so, certainly he had the right to receive the money, and payment to him was payment to Barclay. *Hodnett vs. Tatum*, 9 *Ga.*, 72. Besides, Balentine actually made the compromise by which the case was settled, and Barclay is suing for the money got by the compromise. He does not repudiate this act of his agent, but adopts it. He cannot ratify in part, and reject in part, the acts of his agent—he must repudiate all or none. 9 *Ga.*, 72.

Again, the paper was assignable, and he held some sort of claim to it, for he had given Barclay a receipt for it himself, for collection by himself. Barclay never wrote to Hopkins about it, but left the whole management to Balentine up to the final settlement of the case; and to allow him now to make Hopkins pay it after he has paid his agent, would be, to say the least, to reverse the well settled maxim, that, of two innocent persons, he who enabled the wrong-doer to do the injury ought to suffer. In addition to all this, Hopkins paid the money to the very person who was to receive it, by the contract. Balentine, by the contract, was to receive it; what he did with it afterwards was between him and his principal. It was enough for Hopkins to carry out his contract. Nor is this parol addition to the writing inconsistent with it. A person may well give a note for

collection to an attorney and direct its payment to an agent, and this is all that this addition to the writing does. Barclay has acted very singularly in this matter all the way through; and if he intended no wrong, his conduct would certainly enable Balentine to do a great wrong to Hopkins, if he could make him pay the money a second time. This the law will not permit him to do.

Judgment affirmed.