CLAFLIN & COMPANY *vs.* DUNCAN, JOHNSTON & COMPANY.

There was no abuse of discretion in granting a first new trial in this case, the court having rejected evidence which should have been admitted.

(*a.*) There was enough in the circumstances under which the plaintiffs received the paper in suit in this case to put an ordinarily prudent person upon inquiry, which, if it had been instituted and fairly prosecuted, might have led to the discovery of equities between the original parties that would have relieved the defendants from the liability growing out of the acceptance of the paper; and evidence to show such facts was admissible.

(*b.*) Where a written contract does not purport to contain all the stipulations between the parties, parol evidence is admissible to prove other portions thereof not inconsistent with the writing. Code, §3803, and citations.

Judgment affirmed.

December 19, 1884.

HALL, Justice.

[H. B. Claflin & Company brought suit against Duncan, Johnston & Company on a draft, dated March 10, 1876, due twelve months after date, for $1,459.09, principal, drawn by Grant Scurry on defendants, accepted by them and endorsed by the payees (Lathrop & Co.) to plaintiffs. Defendants pleaded the general issue, and a special plea to the effect that they were accommodation acceptors; that on account of past relations with the drawer, Lathrop & Company (the payees) believed that defendants would at some time have funds of his in hand; that they therefore procured defendants to accept, and defend-

ants accepted upon the distinct agreement that, if they had no funds of the drawer on hand when the draft fell due, upon notice of that fact, Lathrop & Company would protect them from such acceptance and renew it, and that defendants were never to be responsible, except to the extent of funds of the drawer which might come into their hands; that under this agreement, the acceptance was renewed three times, and the paper now sued on is the third renewal; that they have never had funds of the drawer subject to the draft; and that plaintiffs took the draft with notice.

Plaintiff demurred to this plea, but the court reserved the point to be determined on hearing the evidence.

The plaintiffs put the acceptance in evidence and closed.

Defendants offered evidence in support of the equities set out in their plea between them and Lathrop & Company. One of defendants testified that, at each renewal, an agreement was given by Lathrop & Co. to renew for twelve months, in whole or in part, if the defendants should not have funds of the drawer in hand.

The following letters were introduced:

"SAVANNAH, February 6, 1877.

"*Messrs. H. B. Claflin & Co., New York:*

GENTS—Enclosed we forward you Grant Scurry's draft on Duncan, Johnston & Co., of this city, accepted for $1,459.09, due March 10–13 which please discount and place proceeds to our credit. We agree to renew this paper for twelve months, and dispose of it to you with the understanding that, if the acceptors require renewal, it is to be granted. We would suggest your forwarding this paper for collection at once, with instructions as to renewal. Yours truly,

LATHROP & Co."

"NEW YORK, February 23d, 1877.

"*Milo Hatch, Esq., Cashier Savannah Bank & Trust Company, Savannah, Ga.:*

DEAR SIR—Referring to ours of the 14th inst., wherein we enclosed for collection an acceptance of Duncan, Johnston & Co., due the 13th of March, $1,459.09, we beg to say that we omitted at the time to advise you that it is possible that the parties may offer a renewal of the paper. Should they proffer you, in place of this, a renewal for twelve months, you are authorized to accept it, and return to us.

Of course, you will understand that the renewal is to be a draft of the same parties, accepted by the same parties, and including interest at the rate of seven per cent per annum.   If they do not offer a renewal, and it is not paid at maturity, protest it, and return to us.

Very truly yours,

H. B. Claflin & Co.''

The court held that no notice to Claflin & Company was shown, and, on motion, he ruled out the evidence to sustain the defence stated above, and held that the plaintiffs were entitled to a verdict.

After verdict for the plaintiffs, defendants moved for a new trial, which was granted, and plaintiffs excepted.]