GLANTON, administrator, *vs.* WHITAKER *et al.*

1. Where a father employed counsel to defend a suit for his widowed daughter, growing out of her deceased husband's estate, and paid the expenses so incurred, this furnished an ample consideration for a note given by the daughter to him for the amount so expended.

2. Where a daughter gave a note to her father, and subsequently died, and suit was brought on the note against her legal representative, a plea which alleged that the note was given merely as evidence of an advancement, but did not allege that such stipulation was to be incorporated in the writing, and was left out by fraud or mistake, was demurrable.

3. The cases in which it has been held that parol evidence was admissible to show that a note given by a child to a parent was merely an evidence of an advancement, arose where the child survived the parent and there was a contest over the distribution of the estate; and such cases do not apply where the parent survived the child and brought suit on the note; but in those cases, the rule already stated would apply.

(*a.*) The evidence is strong against the probability that the note in this case was designed to be an advancement.

December 15, 1885.

Promissory Notes. Consideration. Parent and Child. Advancements. Evidence. Before Judge BRANHAM. Floyd Superior Court. March Term. 1885.

P. H. Whitaker and Ida M. Whitaker brought complaint against W. E. Glanton, administrator of his wife, on a promissory note, dated December 12, 1877, for $1,650, principal, due twelve months after date, with interest from December 25, 1873, made by the defendant's intestate to P. H. Whitaker, Sr., or bearer. On it was endorsed a credit of $100, paid on December 12, 1877.

The defendant pleaded the general issue, that the note was without sufficient consideration, and ought not to be recovered on, and that the plaintiffs took it after due and without paying any value for it, and with notice of the equities between the parties. Also the following plea:

"That previous to her marriage with this defendant, the intestate was the wife of one Arnold, long since deceased; that no children resulted from said marriage between defendant's intestate and said Arnold, and at his death, he was without lawful issue; that said Arnold died, seized and possessed of a considerable estate, both real and personal, and, by operation of law, defendant's intestate became his sole distributee and heir at law; that, in despite of this fact, certain near kindred of said Arnold sought to set up and probate a pretended will, claiming the same to have been the last will and testament of the said Arnold; that P. H. Whitaker, Sr., the father of defendant's intestate, and the payee in the note sued and declared on, undertook, of his own motion and volition, to contest the probate of said pretended last will and testament, and to this end employed, at great expense, a number of eminent members of the Georgia bar; that the result of said contest was that a compromise of said will suit was made, by which defendant's intestate realized only about the sum of five thousand dollars, and that this was only obtained after defendant's intestate employed other counsel to collect said money, at great expense and after much litigation; that the said P. H. Whitaker, Sr., claimed to have been put to great expense in and about the contest made to said last will and testament, and to have paid out to counsel employed therein the sum sued for and declared on in this cause; and that said counsel fees are the sole consideration for said note Defendant further says that the said P. H. Whitaker, Sr., payee, as aforesaid, made sundry and different efforts to obtain from defendant's intestate recognition of his action in the premises, and on one or more occasions endeavored to get her to execute a note or notes for the sum he claimed to have expenses in and about said suit, without effect; that when afterwards the said P. H. Whitaker, Sr., explained to defendant's intestate his motive for having her execute said note, and to prevent anything like family troubles, she (defendant's intestate) consented to the signing of the same, though protesting at the time that it was not right to ask her to do so; that when said note was executed, and before the same was delivered to the said P. H. Whitaker, Sr., it was expressly stipulated, agreed and promised by him that said note should be held by him only as evidence of an advancement made by him to defendant's intestate out of his (the said P. H. Whitaker, Sr.'s) estate, and that only in this light was it regarded at the time, both by the maker and

payee of said note declared on; that it was never intended that any part of said note should be collected out of or from intestate or her estate; that said payee desired said note executed in order solely that the same, in case of his death, might be held by his administrator or executor as a voucher against said intestate upon a distribution of said payee's estate at his death, said intestate being one of the lawful children of said payee; and that said intestate declined and refused to execute and deliver said note until said promise, stipulation and agreement had first been made by the said payee, P. H. Whitaker, Sr.; and defendant says the transfer and assignment of said note, under the facts of this case, is in fraud of the rights of intestate and this defendant; and that the present holders of said note (the plaintiffs in this cause) took, received and became possessed of the same with full knowledge and notice of defendant's equities."

This plea was amended as follows:

"That the said plaintiffs, Ida M. and P. H. Whitaker, Jr., took said note without paying therefor any valuable consideration, and after maturity of the same, and, as defendant believes, with full knowledge of the equities existing against the same; that said P. H. Whitaker, Sr., the original payee in said note, procured said note from defendant's intestate by fraud and by making fraudulent representations to her at the time of its execution; that said intestate acted upon the promises and representations made by the said P. H. Whitaker, Sr., at the time of the execution of said note, and accepted the advancement contemplated and agreed upon therein and at the time of the execution of said note, said promises and representations being as set out in the original pleas and answers."

On motion, the court held that the plea that the note was given merely as evidence of an advancement must be stricken. He also held that the plea of failure of consideration was insufficient. Counsel for the defendant then amended the plea as follows:

"Said fees were excessive, and not based upon any contract of defendant's intestate; said fees were for services not rendered to anything like or equal to the amount claimed to have been paid, and were not worth more than the sum of $500.00 or other such sum; and that the sum claimed, or a great part thereof, was barred by the statute of limitations at the time said note was given, and said note was given under the promise stated in the body of this plea."

The court struck all of the pleas and amendments, except the general issue. That plea was withdrawn, and the court rendered judgment for the plaintiffs. The defendant excepted.

DEAN & EWING; ALEXANDER & WRIGHT, for plaintiff in error.

C. N. FEATHERSTON, for defendants.

JACKSON, Chief Justice.

Suit on a promissory note, payable to one Whitaker or bearer, was brought by P. H. and Ida M. Whitaker against Glanton, administrator on the estate of his wife, she being the maker of the note and the daughter of the payee.

To this action two pleas were filed : one that there was no consideration, and the other that when the note was given by the daughter, it was understood and agreed between her and her father that it should be held by him as an advancement, and that he had procured it thus by fraud. The court struck both pleas, leaving only the general issue, and verdict and judgment went for the plaintiffs. The striking these pleas makes the error assigned.

1. Whitaker, the payee, defended a suit by employment of counsel for his daughter, then the widow of one Arnold, in a contest over his estate, and expended the amount of money embraced in this note for her, and this is ample consideration therefor. It is true that the complaint is made in the plea that the fees were extravagant and that the deceased daughter did not request the defence; but it also appears that the result was a recovery of some five thousand dollars, which she received, though it is alleged by the plea that she had to employ other counsel before she got it. That her father, however, paid the amount of the note to the lawyers is nowhere denied, but admitted tacitly in the plea. We think the consideration ample, and this plea was rightfully stricken. Code, §2740.

2. The other plea fails to allege that there was any agreement that the holding the note as an advancement was to be incorporated in the writing, and was left out by fraud or mistake. Such being so, the plea is clearly demur-

rable, as in the case of Ordinary promises to pay in writing and changing the writing by parol evidence. There must be an agreement to put it in, and failure to do so caused by fraud or mistake. 52 *Ga.*, 149, and many following cases.

3. But it is argued by the able counsel for plaintiff in error that this is a note given by a child to her parent, and that in such a case parol evidence, such as declarations of the parent, is always admissible; and many cases are cited to that effect, among them some of this court.

It will be observed, however, that in this case the father is still living, and the time to distribute his estate has not arrived—he having survived his daughter—and that all the cases cited arose on contests between children in the distribution of estates of the parent, as to the character of the promissory note held by the father against the child at his death. So far as we know, there is no such case where the contest is between the father or his assignee during his life and the child. That case, we think, would be governed by the ordinary rules prescribed in 52 *Ga.*, 149; that is to say, in such a contest the allegation must be made that the advancement feature of the agreement was to be incorporated in the writing, and was left out by fraud or mistake.

This is really a contest between the father and the husband of the deceased daughter as her administrator; she is not his heir, for she died before him, he being yet alive, and she would be entitled to none of his estate; nor would her administrator, her husband, be entitled to any of it. Therefore, no question of advancement, as between the heirs of the father when he died, so as to admit in evidence his declarations touching the note, as admissible between a party to the note and a third party, can ever arise in a transaction circumstanced like this—the father being yet living, and the child, the maker of the note, dead; and in order to recover or defend this note on this plea, it must appear that the feature of the advancement was

by contract to go into the writing, but was left out by mistake or fraud. The cases in 23d *Ga.*, 531, and 51st *Ga.*, 20, arose in a contest between heirs of the estate, as to whether the notes were an advancement or a debt, and so was the case of *Cutliff vs. Boyd*, 72 *Ga.*, 302.

See 19th Md., 323, 330; Abbott's Trial Ev., 152, n. 2; 2 Wharton Ev., §§920, 923, 958; 2 Story, Eq. Jur., §1099 *et seq.* These citations by defendant in error show further that this relaxation of the rule in favor of turning a promissory note into an advancement "is part, doubtless, of a system of rules established by courts of equity in the settlement of estates, to prevent double portions and to secure equality in the distribution, by which various writings between parent and child are allowed to be explained by parol," to use the language of the counsel.

Besides all this, we think that the case at bar is a strong one against any probability that this note was designed to be an advancement. The note is due twelve months after date, with interest, and there is a credit on it on the day it was made. To change such a clear written contract and promise to pay a sum certain twelve months after date, and to pay interest on it, into an instrument not to pay it at all, and to pay no interest at all, ought to require allegations and proof coming squarely up to the rule in 52d *Ga.*, 149; especially when the contest is between the assignee of a party and one who can never be the heir and distributee of that party.

Judgment affirmed.

See, cited for plaintiff in error, 23 *Ga.*, 551; 66 *Id.*, 287; 51 *Id.*, 545; 3 Conn., 32; 6 *Id.*, 355; 71 *Ga.*, 545; 22 N. Y., 122; 20 *Id.*, 320; 1 Sergt. & R., 3:1; 4 Wheat., 130; Code of Ga., §§2757, 2861, 3803; 4 Wharton, 138; 14 N. J., 240; 4 Abbott's Tr. Ev., 154; 1 Am. R., 521; Brigh. on Desc., 402; 11 Pa. St., 233; 14 S. & R., 283; 16 *Id.*, 482; 10 *Id.*, 290; Byles on Bills, 102; Brigham on Desc., 350; 59 *Ga.*, 562; 23 *Id.*, 43; 66 *Id.*, 286; 63 *Id.*, 193; 55 *Id.*, 78.

For defendant, 52 *Ga.*, 149, 151, 152, 386, 387, 448; 54

*Id.*, 289; 19 Md., 323, 330; Abbott's Trial Ev., 152 n. 2; 2 Whart. Ev., §§920, 92–3, 951; 55 N. Y., 234; 2 Story Eq. Jur., 1099 *et seq.*