STAFFORD *v.* STAUNTON.

An oral stipulation by the landlord at the time of taking an absolute promissory note for rent of mills, to the effect that if the mills should be destroyed by fire the rent should cease, and that he would not require the tenant to pay rent for the balance of the term, is no defence to an action upon the rent note, it appearing that there was no intention by either of the parties to insert the stipulation in the note, but that it was left out by mutual consent and not by fraud, accident or mistake.    *Dyar* v. *Walton,* 79 *Ga.* 466, and cases cited.    .        *Judgment affirmed.*
February 3, 1892.

Landlord and tenant. Promissory notes. Before Judge Boynton. Pike superior court. April term, 1891.

Action on a promissory note, by G. B. Staunton, transferee, against the makers, Stafford and Hamburger. The exception is to the striking of Stafford's plea on demurrer. The note was dated Dec. 5, 1885, was payable to W. D. Staunton or his order, and was for $400 "for the rent of his interest in what is known as Greenwood Mills." It bore a transfer to G. B. Staunton "for value received without recourse on me," dated January 16, 1886. Stafford's plea was, that the plaintiff should not recover "for the reason that plaintiff, at time suit was brought, was not nor is he now the owner of the note sued on, but one I. S. Staunton is the owner of note sued on, and became owner of same after it was due and after the Greenwood Mills, the rent of which is the consideration of the note sued on, were destroyed by fire, and that said I. S. Staunton knew, at time he became owner of said note, that said mills had been destroyed by fire. Defendant pleads further that note sued on was given for 12 months rent of said mills, and after defendant had used same thirty days, without any fault of defendants, said mills were totally destroyed by fire, in consequence of which defendants were deprived of the use of same the balance of year they were rented. Defendants show that they owe thirty-three and 33-100 dollars on said note for the use of said mills thirty days, and that the consideration of said note has failed except as to said thirty-three and 33-100 dollars. Defendant further pleads that said note was procured from him by fraud practiced upon him by W. D. Staunton, the payee of same, in this : that defendant refused to sign said note unless it was stipulated in same that in case said mills were burned during said renting, that defendants were not to be further liable for the rent of same ; whereupon said W. D. Staunton insisted that it

made no difference as to that, and if said mills should burn defendants' liability was to cease, and said Staunton further stated that defendant knew him (Staunton) well enough to know that he would not require defendants to pay rent on said mills if they should burn ; that said Staunton again and again assured defendant that he would not require defendant to pay rent on said mills if they burned up. Defendant alleges that he relied on said assurances and believed that said Staunton was telling the truth, and under said belief he was induced to sign said note. Wherefore defendant says he should not be held liable on said note."

J. S. POPE and BLALOCK & BIRNEY, by brief, for plaintiff in error, cited 80 *Ga.* 747 ; 78 *Ga.* 173 ; 74 *Ga.* 348; 63 *Ga.* 282 ; 59 *Ga.* 562 ; 54 *Ga.* 296, 527 ; 51 *Ga.* 627 ; 46 *Ga.* 394 ; Code, §§1996, 3803 ; 1 Gr. Ev. §284a; 7 Am. & Eng. Enc. L. 92.

E. F. DUPREE, by brief, *contra,* cited Code, §§2857, 3800, 2293 ; 79 *Ga.* 466 ; 60 *Ga.* 158, 614 ; 54 *Ga.* 289; 53 *Ga.* 18 ; 52 *Ga.* 149, 448, 570 ; 49 *Ga.* 273 ; 43 *Ga.* 190, 333, 423 ; 39 *Ga.* 471 ; 20 *Ga.* 242 ; 12 *Ga.* 12 ; 11 *Ga.* 109–11 ; 2 *Ga.* 124.