Lewis G. Sutton, administrator, etc., plaintiff in error, *vs.* John T. Howard, James Henderson, and Wm. H. Turner, defendants in error.

1. The intention of the parties is mainly to be considered in determining whether an agreement is a penalty or liquidated damages.
2. Courts will not relieve against liquidated or ascertained damages, unless it would be unconscienable and oppressive to enforce them.

Assumpsit, in Terrell Superior Court.. Tried before Judge John T. Clark, at the May Term, 1863.

This was an action brought by Lewis G. Sutton, as the administrator of Thomas J. Johnson, deceased, against John

T. Howard, James Henderson, and William H. Turner, to recover the sum specified in a written agreement, of which the following is a copy, to-wit:

"ALBANY, June 15th, 1857.

"I, John T. Howard, have this day purchased of Thomas J. Johnson his plantation, some stock, and growing crop on said plantation, in Dougherty county, at the price of $13,000. The inducement to which trade by the said Thos. J. Johnson is, that he shall have that sum in cash, in hand, promptly, on the 1st day of January next, which it is my contract and obligation to do at that time ; and in case I should, from any cause or circumstance whatever, fail to pay promptly on the day it matures a note which I have this day given, in part payment of said purchase money, for the sum of $7,650, due and payable to the said Thomas J. Johnson, or bearer, at the agency Marine Bank, Albany, Ga., on the 1st day of January next, to which note James Henderson and Henry Turner are securities, then, and in that event, as a compensation for any loss he may sustain by not getting the money promptly according to the terms of the contract, we, or either of us, promise to pay the said Thomas J. Johnson the further sum of $2,000, in addition to the said sum of $7,650, it being considered by the said Johnson and Howard as the difference between cash and credit in a trade of this amount ; and in case the said note for $7,650 is promptly met, on the day it matures, then this note or obligation is to be void and of no effect.

"JOHN T. HOWARD.
"JAMES HENDERSON.
"WM. H. TURNER.

"Test : SAM. D. IRWIN, Notary Public. [SEAL.]"

When the case was called for a hearing, the plaintiff offered this written agreement in evidence, and upon objection being made thereto on the ground that the same was "illegal, usurious, and void, that it was in the nature of a penalty or forfeiture, and not damages liquidated and agreed upon by the parties," the presiding Judge repelled the evi-

dence, and awarded judgment of non-suit against the plaintiff. Error is assigned on that decision.

S. D. IRWIN, for plaintiff in error.

STROZIER & SMITH, *contra*.

*By the Court.*—LUMPKIN, C. J., delivering the opinion.

Mr. Brown, in his Commentaries upon the Common Law, remarks, that " in written contracts, whether special or simple, giving rise respectively to actions of covenant and of *assumpsit,* it not unfrequently happens that the parties themselves assume to define the precise amount of liability which shall be incurred for breach of contract. If so, and it appears that the amount thus specified is really intended as liquidated (or ascertained) damages, the jury will be relieved from any inquiry touching the amount of compensation to be awarded to the plaintiff, but will, under the direction of the Judge, find the precise sum agreed upon and stipulated to be paid by the parties." (Page 634.)

We apprehend this extract contains the law of this case, and that to the rule thus laid down there should be appended this qualification, to-wit : that in case of an unconscienable and oppressive bargain, the jury is sometimes allowed to disregard the precise terms of the agreement actually concluded, and to give fair and equitable damages.

Who can read the contract between Johnson and Howard and doubt what was the intention of the parties ? The property sold by the former to the latter was estimated, at a credit sale, to be worth $15,000; at a cash sale, $13,000. The one party sells and the other buys with this understanding. The purchaser fails to pay cash, as he agreed to do. Now if it be true that where a person makes a contract and breaks it he must pay the whole damage sustained, is it not right that Howard should pay the $2,000 ?

Again : if where a party sustains a loss by reason of a breach of contract he is, so far as money can do it, to be placed in the same situation with respect to damages as if

the contract had been performed, is not Johnson entitled to the $2,000 ?

Is the sum of $2,000, the difference between cash and credit in the sale of property amounting to $15,000, so unconscienable and oppressive as to require the Courts to relieve against it ? It is not disputed, indeed the books are full of cases, that if the contract had been for $15,000, to be discharged upon the prompt payment of $13,000, that it would have been valid. Is there any difference in principle between that case and this ? Indeed, was not that substantially the contract between the parties ?

Believing, as we do, that the $2,000 was not a penalty, and having nothing of the semblance of usury, but that the sum agreed upon by the parties to compensate Johnson for his damages for want of prompt payment, and that said amount is not so unconscienable and unreasonable as to be relieved against by the Court, we reverse the Circuit Judge for rejecting the instrument sued on and awarding a non-suit.

Let the judgment be reversed.