## FOOTE & DAVIES COMPANY *v.* MALONY.

1. A written contract between two persons, stipulating that if either fails to carry out his part of the same, "the party failing is to immediately pay to the other party the sum of five hundred dollars, besides all damages sustained by reason of such failure," is, so far as relates to the payment of the five hundred dollars, a contract for a penalty, there being in such contract no other words indicating any different intention of the parties in respect to such matter.

2. When there is no ambiguity as to the legal import of the language used in a written contract, parol evidence is inadmissible to show that the parties thereto intended it to have a different meaning.

3. It is not competent for a witness to testify to his opinion that the breach of a given contract by one of the parties thereto caused damages to the other in a lump sum stated.

4. When the plaintiff in an action makes out a prima facie case for the recovery of the amount sued for, and the defendant merely shows, by evidence offered in support of a plea of recoupment, a breach of a stipulation in the contract by the plaintiff, without showing any actual damages in consequence thereof, there is no error in directing a verdict in favor of the former for such amount. Under such circumstances, the defendant is not entitled to have the case submitted to a jury, in order that the amount of the proved claim of the plaintiff may be reduced by such nominal damages as they might find in favor of the defendant.

Submitted May 1, — Decided July 22, 1902.

Complaint. Before Judge Lumpkin. Fulton superior court. September 17, 1901.

*Ulysses Lewis* and *C. W. Smith,* for plaintiff in error, cited Civil Code, §§ 3794, 3910; 69 *Ga.* 764; 88 *Ga.* 43; 91 *Ga.* 450; 96 *Ga.* 334; 101 *Ga.* 619; 13 Am. & Eng. Enc. L. 848, 854–5, 858; 94 Iowa, 680; 63 N. H. 171.

*Tompkins & Alston* and *Lumpkin & Colquitt,* contra, cited Civil Code, §§ 3795, 3797; 40 *Ga.* 76; 58 *Ga.* 567; 91 *Ga.* 450; 99 *Ga.* 794; 100 *Ga.* 51, 56; 101 *Ga.* 619, 627; 106 *Ga.* 422.

FISH, J.    Malony, who carried on business under the name of
Malony Directory Company, brought an action against Foote &
Davies Company, a corporation, for the recovery of an amount of
money which he alleged was due him for certain expenses which
he, in accordance with a contract between them, had incurred and
paid in behalf of the defendant, and for which, under the contract,
the defendant was to reimburse him.    The defendant admitted the
execution of the contract and that it had become indebted to the
plaintiff in the amount for which he sued, but pleaded that the
plaintiff had violated a certain stipulation in the contract, and was,
therefore, indebted to it in the sum of five hundred dollars, as liqui-
dated damages, under the following provision of that instrument:
"Foote & Davies and Malony Directory Co. mutually agree, if
either fails to carry out their part of this contract, that the party
failing is to pay to the other party the sum of five hundred dollars,
besides all damages sustained by reason of such failure."    The main
question which we are called upon to decide is, whether the sum
which the parties here agreed should, in the event of a breach of
the contract, be paid by the party violating it to the other party,
was, as claimed by the defendant, liquidated damages, or, as claimed
by the plaintiff, a penalty.    The court below held it to be a penalty,
and, as the defendant proved no actual damages, directed a verdict
in favor of the plaintiff for the amount sued for.

1.  We are clearly of opinion that the above-quoted clause of the
contract does not provide for the payment of liquidated damages,
but for the payment of a penalty.    " The intention of the parties
is mainly to be considered in determining whether an agreement is
a penalty or liquidated damages."    *Sutton* v. *Howard*, 33 *Ga.* 536.
" The only inquiry as to intention is whether or not the parties in-
tended the sum to be accepted *as compensation*."    1 Sedg. Dam.
§ 408.  The parties to the contract under consideration agreed that
the party failing to carry it out should immediately pay to the other
party the sum of five hundred dollars, *besides all damages sustained*
by reason of such failure.    They did not undertake to estimate and
liquidate the damages which would result from a violation of the
contract; for the amount which they agreed should be paid by the
party failing to comply with the contract, to the other party, was
to be in addition to all damages sustained by reason of such fail-
ure.    The sum of five hundred dollars stipulated to be paid for a

breach of the contract could not be liquidated damages, because it was to be paid over and above all damages sustained. The agreement, in effect, was that the party failing to carry out the contract was to pay to the other party five hundred dollars *and* all damages sustained. This being true, and there being nothing elsewhere in the contract to indicate a different intention, the sum named here was and could only be a penalty. It is a well-settled principle that where a contract provides for the payment of a penalty for the doing or not doing of a particular act, no other sum can be recovered under the penalty than that which will compensate the plaintiff for his actual loss. Here the defendant failed to show that it had sustained any actual damages in consequence of the breach of the contract by the plaintiff.

2. One ground of the motion for a new trial was that the court erred in rejecting certain parol testimony offered for the purpose of proving that, at the time the contract was executed, the parties discussed the matter and "agreed that, if either party to the contract violated its terms, the damages could not be ascertained, because of the peculiar nature of the business, and that they therefore agreed to the sum of $500 as liquidated damages in case of a breach." It is perfectly clear that the court did not err in rejecting this evidence. There is nothing ambiguous in the provision which we have been considering of this contract. This being true, the interpretation of the contract was for the court, and no evidence dehors the instrument could be received.

3. The court did not err in refusing to allow a witness for the defendant to testify that, in consequence of the breach of the contract by the plaintiff, the defendant's business was damaged "in an amount of more than $500." The amount of the damages, if any, sustained by the defendant, in consequence of the breach of the contract by the plaintiff, was one of the questions to be determined by the jury. It was a conclusion to be drawn by them from the facts testified to by the witnesses. It is the province of the jury to draw their own conclusion, from the facts produced in evidence, as to the amount of damages, if any, which a party has sustained by the conduct of the other party to the case. The ruling of the court below in excluding this testimony is sustained by repeated decisions of this court. *Woodward* v. *Gates*, 38 *Ga.* 205; *Central Railroad Co.* v. *Kelly*, 58 *Ga.* 107; *Smith* v. *Eubanks*, 72 *Ga.* 281; *Central Railroad* v. *Senn*, 73 *Ga.* 705.

4. One ground of the motion for a new trial was that "The court erred in directing a verdict for the plaintiff, because the undisputed evidence showed that the plaintiff had broken the contract, and that defendant was entitled to recover general damages under its plea of recoupment." As the defendant showed no actual damages resulting to it from the breach by the plaintiff of the contract, its only claim could have been for the recovery of mere nominal damages. Counsel for the plaintiff in error have argued here that the case should have been submitted to the jury, in order that the amount admitted to be due the plaintiff, under the terms of the contract, might be reduced by the jury by such nominal damages as they might find the defendant had sustained in consequence of the breach of a stipulation of the contract by the plaintiff. The Civil Code, § 3801, provides: " In every case of breach of contract, the other party has a right to damages; but if there has been no actual damage, the plaintiff can recover nominal damages which will carry the costs." The court did not err in failing to submit the case to the jury, in order that they might reduce the admitted claim of the plaintiff by some trivial sum which they might find in favor of the defendant as mere nominal damages. The point made in this ground of the motion has been decided by this court adversely to the contention of the plaintiff in error. The theory upon which and the purpose for which nominal damages are awarded a party who sues to recover for the breach of a contract, and who shows the breach, but no actual damages, are not applicable to a defendant who seeks, under a plea of recoupment, to reduce the claim of the plaintiff, arising under a contract, by nominal damages, in consequence of some breach of the same contract by the plaintiff. Nominal damages are not given as compensation for the breach of a contract, but simply in vindication of the right of a person who brings an action upon a good cause, but fails to prove that he has sustained any actual damage, and to prevent his being mulcted in the costs after he has established his cause of action. In the present case the defendant, by being allowed mere nominal damages as a credit upon the amount of its indebtedness to the plaintiff, could neither obtain a verdict in vindication of its right, nor escape the payment of costs. The verdict was bound to be in favor of the plaintiff, and would naturally and inevitably carry the costs against the defendant. It is the plaintiff who, under the

above-quoted section of the Civil Code, is entitled to nominal damages, sufficient to carry the costs, in an action upon a breach of a contract, where the breach but no actual damage is shown; and in all the text-books and cases which we have examined the doctrine of nominal damages is applied only to a plaintiff. We have found only one case in which the question whether the defendant, in a suit upon a contract, could reduce the amount of the proved claim of the plaintiff by mere nominal damages has been made, and that is one decided by this court. In that case (*Chambers* v. *Walker,* 80 *Ga.* 642) it was held: "Where it is sought to foreclose a mortgage for purchase-money of certain personalty, and defendants set up that the consideration of their purchase was not only the property, but good will, trade, and friendly influence of the seller and mortgagee, and that he has violated his contract as to these, the case is not one in which a charge on the subject of nominal damages is necessary or proper. If plaintiff violated the contract and defendants were injured, they could set off whatever actual damages they sustained, but no other damages." This is conclusive of the question now before us.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*