## CARSWELL *et al.* v. SANDERS.

No. 10660. MARCH 28, 1936.

*McClure & McClure* and *Watkins, Grant & Watkins,* for plaintiffs.

*F. M. Gleason,* for defendant.

RUSSELL, Chief Justice. The controlling question in this case is whether a described tract of land must be ascertained strictly by the metes and bounds stated in a deed, or be confined to the exact quantity of land set forth in the deed. The land in controversy

has passed from the original grantor and grantee by later purchases. The description in the deed is as follows: "Lots Nos. 4 and 5 in T. F. McFarland's survey of—a part of land lots Nos. 68 and 69 in the 9th District and 4th Section of Walker County, Georgia, more particularly described as follows: Beginning at the intersection of the original line of Lot 69 in the 9th District and 4th Section, with Chattanooga Creek; thence down said creek in a northerly direction, and with the meanders thereof, to a point on the bank thereof which is 1090 feet due north of the said south lot line; thence to the original east line of lot No. 69; thence with the said original east line 1090 feet to the south original line of said lot No. 69; thence with said south line west to Chattanooga Creek, the point of beginning; containing 39.90 acres of land."

In the competition in this case, under well-settled rules of construction, preference must be given to the description by metes and bounds and the natural landmarks pointing out the boundaries by metes and bounds. *Harris* v. *Hull*, 70 *Ga.* 831; *Kendall* v. *Wells*, 126 *Ga.* 343 (55 S. E. 41) ; *Thompson* v. *Hill*, 137 *Ga.* 308 (73 S. E. 640) ; *Holder* v. *Jordan Realty Co.*, 163 *Ga.* 645 (136 S. E. 907). The finding of the jury to the contrary of the ruling just stated was error, and the court erred in denying the motion for a new trial.  *Judgment reversed. All the Justices concur.*