32338. DOUGLAS *v.* McNABB REALTY COMPANY.

DECIDED FEBRUARY 24, 1949.   REHEARING DENIED MARCH 24, 1949.

*E. L. Douglas,* pro se. *J. Hugh Rogers,* for plaintiff in error.

*J. K. Holland, Mitchell & Mitchell,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ ■ Counsel for the defendant contend that the trial court erred in overruling the general demurrer to the petition, because the petition failed to show on its face that the defendant defaulted under the terms of the sale contract. It is contended that, since the petition fails to allege that the plaintiff tendered to the defendant a deed for execution to the buyer, and fails to allege that $12,000 was tendered, the petition fails to show the performance by the plaintiff of these necessary conditions precedent. Paragraph 5 of the petition alleges that the defendant has failed and refused to convey title to the property to S. R. Langford. For its purpose the general demurrer admits this allegation. The reasons for such failure constitute an affirmative defense on the part of the defendant and must be pleaded as such. It is not necessary for the plaintiff to anticipate and negative any possible defense that the defendant may have to the contract upon which the suit is based. See *Columbian Mutual Life Ins. Co.* v. *Carter,* 58 *Ga. App.* 150(1) (supra).

■ It is also contended that the petition fails to set forth a cause of action because, while it is alleged that the plaintiff found a purchaser ready, able, and willing to purchase the property in question for $12,000, it fails to allege that he is ready, able, and willing to pay said sum in cash. Attached to the petition and made a part thereof is the contract upon which this action is based. It constitutes a written offer to purchase the property for $12,000 cash. This offer is accepted by the defendant. It is not necessary for the petition, on its face, to allege in detail the terms under which the property was to be sold to the buyer, because the contract itself, showing the terms, is attached to the petition and made a part of it.

■

■ The petition alleges the existence of the contract upon which the suit is based, the failure of the defendant to perform an obligation to the plaintiff thereon, and consequent damage to the plaintiff. In *Columbian Mutual Life Ins. Co.* v. *Carter,* supra, it is held as follows: . "In an action upon an alleged contract, the petition should affirmatively disclose (when construed most strongly against the pleader), among other things, (1) the existence of the contract, (2) the failure of the defendant ·to perform some obligation due to the plaintiff thereunder, and (3) consequent damage to the plaintiff."

The petition set forth a cause of action as against the general demurrer of the defendant.

■■ Certain parts and paragraphs of the petition are specially demurred to on the ground that said allegations constitute conclusions. Other allegations and the copy of the contract, which is attached to the petition and made a part of it, constitute specially pleaded facts which warrant these general averments complained of as conclusions. The general averments, therefore, must be construed to have reference to the specially pleaded facts. See *North British Ins. Co.* v. *Parnell,* 53 *Ga. App.* 178(1) (supra); *Western & Atlantic Ry. Co.* v. *Roberts,* 144 *Ga.* 250 (86 S. E. 933); *Lemon* v. *Lemon,* 141 *Ga.* 448 (81 S. E. 118); *Georgia R. & Banking Co.* v. *Sewell,* 57 *Ga. App.* 674(4) (196 S. E. 140); *Richardson* v. *Pollard,* 57 *Ga. App.* 777(4) (196 S. E. 199).

■ The remaining grounds of the special demurrer are without merit.

■ The first ground of the amended motion for a new trial contends that the evidence made an issue that should have been submitted to the jury, and that therefore it was error for the trial court to direct a verdict in favor of the plaintiff. This ground is considered with the general grounds.

Reference to the resume of the pleadings contained in the preceding statement of facts discloses substantially the contentions of the parties. The plaintiff contends that its commissions are earned because it found a purchaser ready, able, and willing to buy and who actually offered to buy on the terms stipulated by the owner, and that the defendant has failed and refused to

convey title to the purchaser so found by the plaintiff. The defendant contends that he stood ready and willing to furnish to such purchaser a good and marketable title, but that a title upon which a policy of title insurance would be written by Lawyer's Title Insurance Corporation was demanded, and that he was not obligated under the terms of the contract to furnish a title meeting the requirements of said title insurance corporation. He also contends that, since the failure of the consummation of the sale was due to the fault of the buyer, under the terms of the contract the buyer, and not himself, is liable for the commissions; that the same have already been paid in the form of earnest money put up by the buyer, and that, under the terms of the contract, one-half of this sum ($280) is to be retained by the plaintiff, and one-half is to be paid to the defendant to be applied toward his damages caused by the buyer's default, hence his cross-action for $280.

Attention is again directed to excerpts from the contract quoted in the statement of facts herein, particularly to the effect that, if the buyer finds any legal defects in the title, the seller shall be furnished with a written statement thereof and be given a reasonable time in which to correct the same. Pursuant to this provision of the contract, the defendant was furnished with a written statement of alleged legal defects on July 9, 1947, which was 19 days after the acceptance of the contract by the defendant. This statement, listing defects in the title of the defendant, contains one item as follows: "Application for title examination shows the property under investigation as being owned by E. L. Douglas. We find no instrument of record in DeKalb County, Georgia, vested in said E. L. Douglas. However, there is of record in Fulton County, Georgia, in Deed Book 1887, page 219, a warranty deed from Mrs. Louise H. Wrenn to E. L. Douglas. This deed should be filed for record in DeKalb County, Georgia." Since this court is seeking to determine whether or not the trial court erred in directing a verdict, it is not deemed necessary to review the entire title to the property. The foregoing quoted item from the list of objections is for the purpose of showing that at least one of them is reasonable and necessary to show the title to be in the defendant, and the

singling out of this one is not to be construed as passing on the reasonableness or merits of any of the others. Mr. J. Kurt Holland, one of the attorneys of the plaintiff, testified in part as follows: "On July 22nd, I wrote Mr. Douglas and sent him an itemized statement of all the objections to his title, and I have a copy of the original letter before me. Then, I spoke to Mr. Douglas on the telephone and he answered he had received the letter but stated he didn't want to discuss the matter with me because he had notified Mr. Langford before he wouldn't go through with the sale because Mr. Langford had taken too much time to get these titles examined." The defendant on cross-examination testified in part as follows: "I recall Mr. Holland calling me at my apartment by telephone on or about July 25 and I remember speaking to him at that time. I did not say to him on July 22nd that I would not cure any defects which he outlined in his letter and that I had already notified the purchaser that I would not convey any title to him. I say that, when he called me over the telephone, I stated that I had the matter up with Mr. Melton and that the proceedings had ended there, that there wasn't anything more to be done about it. But, as a matter of fact, I changed my mind on that when Mr. Melton asked me to receive him and Mr. Langford at my apartment with reference to this property. I stated to Mr. Holland that a reasonable time had elapsed for him to comply with the contract and the matter had been stopped, but after that time, Mr. Melton telephoned me he wanted to come to my apartment with Mr. Langford to talk about carrying on with this, and I consented to do it. At that time, Mr. Frazier came instead of Mr. Melton, and there they wanted only to have the title approved by the Land Registration Act and I considered that; and, after considering it, I notified Mr. Melton that we would not go on with that Land Registration Act. He said, 'Do you want me to notify Mr. Langford of that?' And I said, 'Yes.' And he did notify him."

It is to be borne in mind that in his answer and cross-action the defendant made no contention that the buyer had not acted within a reasonable time. As hereinbefore pointed out, the defendant was furnished with a list of alleged legal defects in the

title 19 days after he had accepted the offer of the buyer. The record discloses no offer on his part to comply with any of these requirements toward the perfection of his title, but on July 22, 13 days after he received the list, according to the undisputed evidence, he informed Mr. Holland that, because a reasonable time had elapsed for him to comply with the contract, the matter had been stopped. The time running from the 9th until the 22nd of July could under no circumstances be charged to the buyer. During that time the defendant had the list of objections, and it was up to him to comply, within a reasonable time, with such items contained therein as were necessary in order to make his title "good and marketable" in accordance with the contract. The record, however, discloses that, instead of doing this, the defendant did nothing about perfecting his title, and when called upon to act declined to do so, stating as his reason that a reasonable time for the buyer to examine the title had elapsed.

While it is true that the defendant was under no obligation to furnish a title upon which any particular title insurance company would issue a policy of title insurance, yet it was his duty to comply with all reasonable requirements contained in the list of objections to his title, to make the same a good and marketable one.

The defendant contends that he was never tendered $12,000 as the purchase-price of his property. The obligation of the defendant to furnish a "good and marketable title" carries with it the furnishing of such a deed. Therefore, it was his obligation and not the obligation of the seller to supply such a deed. It was also not necessary for the defendant to tender the purchase-price as a condition precedent to the bringing of this suit because, the defendant having already stated to the agent of the seller that he would not go through with the transaction, the tender of the purchase-price would have been a vain and useless thing. See *Smith* v. *Tatum*, 140 *Ga.* 719(1) (supra).

A verdict in favor of the plaintiff on its petition and against the defendant on his cross-action was demanded. Accordingly, the general grounds of the motion for a new trial and ground one of the amended motion are without merit.

By special ground 2 it is contended that the trial court

erred in not permitting S. R. Langford, the buyer under the contract sued upon, and a witness for the plaintiff, to answer a question propounded by counsel for the defendant as to whether or not he had ever presented a deed for the defendant to sign, and the defendant refused to sign it. The obligation of the defendant to furnish a "good and marketable title" carries with it the furnishing of such a deed. Therefore, it was his obligation and not the obligation of the seller to supply such a deed and present the same to the defendant. This assignment of error is without merit.

Special ground 3 contends that the trial court erred in not allowing a witness for the plaintiff, under cross-examination, to give his opinion and interpretation of an appellate court decision. Questions of law are for the court and not for the jury. The interpretation of an appellate court decision is not proper subject-matter for the evidence. This assignment of error is without merit.

Special ground 4 contends that the trial court erred in excluding from evidence a deed to the property in question, from Mrs. Louise H. Wrenn to E. L. Douglas, recorded in the office of the Clerk of the Superior Court of Fulton County but not recorded in DeKalb County. This deed is pointed out in the list of objections to the title, furnished the defendant by the buyer. It is the deed that was required to be secured and recorded in DeKalb County. It was not material to any issue in the case at the time it was offered in evidence. The contract at that time had already been breached by the defendant. Proof that he had a good title would in no way justify his failure and refusal to convey the same to the purchaser under the terms of the contract. The exclusion of this deed was not error.

The trial court did not err in overruling the demurrers, both general and special, to the petition of the plaintiff, and the motion for a new trial as amended of the defendant.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*