### 25883. CARROLL et al. v. CAMPBELL.

NICHOLS, Justice. Certiorari was granted in this case to review the sole question of whether a judgment is reviewable by the Supreme Court or Court of Appeals where no certificate of immediate review is signed by the trial court, but where a summary judgment has been granted as to a part of the case and such judgment appealed from, and the review of the denial of summary judgment is sought by a cross appeal. Held:

While as was said by the Court of Appeals it would be more expedient for the court to determine all issues in the case, yet absent a proper certificate the review of the denial of a summary judgment is not subject to an appeal. The last expression of the General Assembly (Ga. L. 1968, p. 1072), shows that no exception is intended to the rule laid down in section 56 (h) of the Civil Practice Act (Ga. L. 1966, p. 609; Code Ann. § 81A-156 (h)), that under no circumstances is a judgment denying a summary judgment reviewable in the absence of a certificate of the trial judge. Compare Undercofler v. Grantham Transfer Co., 222 Ga. 645, 656 (151 SE2d 765), as to legislative intent.

Judgment affirmed. All the Justices concur, except Felton, J., who dissents.

ARGUED JULY 13, 1970—DECIDED SEPTEMBER 10, 1970— REHEARING DENIED SEPTEMBER 24, 1970.

*Wilbur D. Owens, Jr., Ellsworth Hall, Jr.,* for appellants.
*Neely, Freeman & Hawkins, Paul M. Hawkins, Albert H. Parnell,* for appellee.

FELTON, Justice, dissenting. *Code* § 102-102 (9) provides: "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil and the remedy. Grammatical errors shall not vitiate, and a transposition of words and clauses may be resorted to when the sentence or clause is without meaning as it stands."

Acts of the legislature in pari materia shall be construed together to determine the intent of the legislature. *Forrester v. Continental Gin Co.,* 67 Ga. App. 119 (19 SE2d 807); *Huntsinger v. State,* 200 Ga. 127, 131 (36 SE2d 92); *Lucas v. Smith,* 201 Ga. 834, 837 (41 SE2d 527). Cases cited under this section and division under catchwords "Cardinal rule", "Clerical error", and "Ejusdem generis rule."

General words, following specific words, are confined to things of the same kind, unless the intention is clear. *Sanders v. State,* 86 Ga. 717, 719 (12 SE 1058).

This case involves the construction of that part of *Code Ann.* § 81A-156(h) which reads as follows: "An order granting summary judgment on any issue, or as to any party, shall be subject to review by appeal; but an order denying summary judgment is not subject to review by direct appeal or otherwise, unless within 10 days of the order of denial the trial judge certifies that the order denying summary judgment as to any issue or as to any party should be subject to review, in which case such order shall be subject to review by direct appeal."

The old law was that a judgment denying a motion for a summary judgment was not appealable, written in a law dealing with *direct* appeals.

The above law made a direct appeal from such a judgment appealable under the condition stated. It did not deal with

cross appeals, and was not intended to apply to cross appeals, in my view, because that subject matter is covered by *Code Ann.* § 6-803. If the legislature had intended to accomplish that result the majority favors it should have amended *Code Ann.* § 6-803. As to *Code Ann.* § 6-901, in *Hodgkins v. Marshall,* 102 Ga. 191 (29 SE 174) the court said (p. 199): "These considerations lead us to the conclusion, that whenever a writ of error is filed to a final judgment, it should draw to itself all assignments of error which have been previously reserved in the case, to the end that the vexed questions which arise in the course of litigation may be settled as speedily as possible." And at p. 197: "If the party filing the exceptions pendente lite is the defendant in the first writ of error, he should, either by cross bill of exceptions or upon the record in this court, assign error upon his exceptions pendente lite, or he will be thereafter held to have waived them."

It is inconceivable to me that the General Assembly in making the denial of a summary judgment appealable by direct appeal (which was its only purpose as the amendment dealt only with direct appeals, in my judgment), intended to provide that the denial of a summary judgment could not be cross appealed without a certificate of review obtained within ten days from the judgment of denial and at a time when the appellee in the main case might not have known whether a direct appeal would have been taken on the final judgment by the opposite party. If the majority is correct in this respect, the bar will wonder why this particular judgment could not be cross appealed without a certificate of review when *all other* nonappealable questions could be cross appealed without a certificate of review.

Of course, the bone of contention is the expression in the Act "or otherwise." In so plain a case this court has the right, under the Code and decisions to ignore the words "or otherwise" and hold that they mean nothing. And that is the truth because the Act was dealing with direct appeals and if that is true the legislature did not intend to say one word about cross appeals. Wisdom, justice, equity and common sense dictate that we apply the ejusdem generis rule, cited above, or that the words "or otherwise" be treated as an inadvertent error, or

clerical error. The intention of the General Assembly, as found by this court, is the test. In as plain a case as this, this court cannot in reason disregard the in pari materia laws when the purpose of the Act in question is so plain.