## 27791. SOUTHERNAIRE CORPORATION v. WORLEY et al.

ARGUED MARCH 12, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED APRIL 25, 1973.

*Lavender & Cunningham, Fred F. Cunningham,* for

appellant.

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellees.

NICHOLS, Justice. 1. Where, as in the present case, there is no certificate of immediate review, the second enumeration of error presents no question for decision by this court. See *Carroll v. Campbell,* 226 Ga. 700 (177 SE2d 83).

2. The first and third enumerations of error present the same basic question for decision. In 1951 a deed was executed conveying a described tract of land to the predecessor in title of the defendants Middleton. This deed began its description at the corner of the property now owned by the plaintiff and Peachtree Street. Each succeeding deed in the Middletons' chain of title has referred back to such deed, and the metes and bounds of such lot were described, as well as the coterminous landowners. In 1960 a deed conveying Peachtree Street was executed by grantor in the 1951 deed and another conveying Peachtree Street to the City of Elberton. This deed described the land conveyed by courses and distances and contained reference to only one iron pin which was located at the opposite end of the street from the end in dispute. Neither the plat made reference to in such deed, nor the deed made reference to coterminous landowners other than the beginning point where such street intersected with another street. The testimony of the surveyor who prepared such plat in 1960 was that he was instructed by one of the grantors in such deed not to extend such property to the line of the plaintiff's predecessor in title.

Under the decision in *Bell v. Redd,* 133 Ga. 5 (1) (65 SE 90), the boundary of the Middleton property did not extend beyond the boundary of Peachtree Street abutting such land, and under numerous decisions of this court exemplified by *Carswell v. Sanders,* 182 Ga. 251 (185 SE 282), the description placing the corner of such lot at the

point where Peachtree Street abutted the plaintiff's property and describing the land by metes and bounds foreclosed any contention that a strip of land between the end of Peachtree Street and the plaintiff's property was owned by the Middletons.

Inasmuch as the defendants had no right to place the barriers or fences so as to exclude the plaintiff corporation's officers, agents, employees, etc. from entering its property from Peachtree Street, the judgment of the trial court granting the defendants' motion for summary judgment was error, and this is true whether or not some person or persons not parties to this litigation may have such right.

The present litigation does not involve a private way over lands of any of the defendants, but to the contrary, relates to the rights of the defendants to place a barrier at what they contend is the end of a public street so as to preclude the use of such street by the owner of land which abuts at least one point on such street.

*Judgment reversed. All the Justices concur.*