## 50225. McDONALD v. PARKER.

PANNELL, Presiding Judge.

Hazel S. Parker brought an action against G. L. McDonald seeking recovery of the principal sum, plus interest and attorney fees upon a promissory note executed October 1, 1970, which on its face was given for $3,000 rent of certain farm premises for the calendar year

1971. Defendant answered, claiming he had paid $562.50 on April 7, 1972. This payment was subsequently admitted to have been made by the plaintiff. He admitted receiving a notice of attorney fees. He denied he owed the $3,000 but admitted the execution of the note. In addition, he filed a counterclaim alleging:

"Defendant shows that he has rented certain farm lands in Worth County, Georgia, being the same farm land referred to in plaintiff's Exhibit A, for a number of years to and including the year 1970; that in the year 1963 while defendant had said farm under rental agreement from plaintiff there was a dwelling house on said premises which defendant used as a dwelling house for persons employed by defendant to provide labor in the tending of crops on said farm; that said dwelling house was destroyed by fire in the year 1963 and that defendant lost the use of said dwelling house and incurred additional expense in the amount of $45.00 per month to provide living quarters for his farm help.

"That during the month of May, 1963 and in the fall of the year of 1963, when defendant was renegotiating his rental agreement with plaintiff, that plaintiff and plaintiff's agents advised and promised defendant that plaintiff would absorb the additional $45 per month of defendant's expense if defendant would continue to pay the full value of the rent and that plaintiff intended to sell the said property to defendant and that the sums accumulated at the rate of $45.00 per month would be credited against defendant's purchase of the said property and in any event, should it occur that plaintiff did not actually sell the premises to defendant, that plaintiff would settle with defendant giving him full credit for the loss of use of the dwelling ($45.00 per month) at such time as defendant ceased to rent the said farm from plaintiff.

"Each and every year after 1963 up to and including 1970, in the fall of the year plaintiff and defendant again agreed on a rental contract wherein plaintiff, each year, agreed to give defendant full credit (at $45.00 per month) for loss of use of the dwelling house and plaintiff further agreed that a full accounting and settlement would be had with defendant at such future time as plaintiff either sold the property to defendant or for other reason that

defendant ceased to rent the said property from plaintiff.

"Plaintiff has repeatedly refused to sell said property to defendant and plaintiff would no longer rent said premises to defendant after the year 1971, the 1971 rental agreement having been made in the fall of the year 1970.

"Plaintiff has refused to settle with defendant as per her agreement and plaintiff is indebted to the defendant in the sum of $4,320.00."

The trial judge, upon motion by the plaintiff for a summary judgment granted the same and rendered judgment against the defendant-appellant for the entire $3,000 less the credit of $562.50, plus interest and attorney fees. The defendant on the hearing presented affidavit and proof of his recoupment claim. The note sued upon contained no provision for attorney fees. There was no evidence showing any rent notes or any written contract was given in reference to the years 1963 through 1970. While plaintiff made no motion to strike or to dismiss the counterclaim, her argument in this court is predicated upon the theory that the counterclaim sought to vary the terms of a written contract with parol evidence as to a contemporary agreement entered into contemporaneously therewith, relying on certain cases to which we will hereinafter refer. It is evident, however, that should we sustain this position as to the law, this would only reach $45 per month of the year 1971 ($540). This is so because there is no proof of any written contract for the prior years and plaintiff's contention under this evidence would have no basis whatsoever, and if the defendant's evidence be believed, he would still be entitled to recoup for the years 1964 through 1970, the sum of $3,780, which is more than the principal and interest found due and owing by the trial judge after crediting the admitted payment. The judgment was for $2,437.50 principal and $523.07 interest. It follows that the grant of a summary judgment in any amount in favor of the plaintiff was therefore error. And, there being no provision in the note for attorney fees and no proof otherwise of any contract for the payment thereof, the trial court erred in rendering a judgment for attorney fees.

Under these circumstances, it is unnecessary to

determine whether the parol agreement violates the parol evidence rule under the authorities cited by plaintiff (Code § 38-501; *Heisley v. Allied American Ins.* Co., 71 Ga. App. 107, 110. 30 SE2d 285; *Wyche v. Winship,* 13 Ga. 208, *Stafford v. Staunton,* 88 Ga. 298, 14 SE 479; *Cairo Banking Co. v. Hall,* 42 Ga. App. 785, 157 SE 346), or whether it is a mere agreement to credit a portion of the rent to the payment of the purchase price, in the event the landlord was willing to sell, and if the landlord was not willing to sell, to refund the amount to be credited to the tenant. This must be determined on a trial of the case where the evidence may be different than that presented on the motion for summary judgment.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED APRIL 18, 1975.

*Clarence A. Miller,* for appellant.
*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellee.