## 51080. REAL ESTATE WORLD, INC. v. SOUTHEASTERN LAND FUND, INC.

Pannell, Presiding Judge.

Plaintiff-seller brought an action against the defendant-buyer for an alleged breach of a real estate

sales contract. Plaintiff sought to recover $45,000 plus interest and attorney fees upon a promissory note referred to in the contract (executed on October 12, 1972) as "additional earnest money represented by a promissory note" to be delivered by purchaser to seller "on or before November 6, 1972." Paragraph 13 of the contract reads: "In the event purchaser defaults thereunder after having paid the additional earnest money required by Paragraph 3 hereof, [the execution and delivery of the note was considered *payment* of the additional earnest money] seller shall be entitled to retain all original earnest money paid hereunder as partial liquidated damages occasioned by such default, to collect the proceeds of the indebtedness owed by purchaser as additional earnest money as further partial liquidated damages occasioned by such default, *and* to pursue any and all remedies available to him at law or equity, including but not limited to, an action for specific performance of this contract." The purchase price was $1,445,200, for a tract of land of approximately 3,613 acres.

The seller agreed to convey "a marketable fee simple title" with any issue of marketability to be determined "in accordance with Georgia law as supplemented by the Title Standards of the State Bar of Georgia." See Code Ann. Ch. 85-2 Appendix, Title Standards. The seller would have until the date of closing to satisfy all valid objections with affidavits or other title papers to cure such defect. Purchaser and seller agreed to submit any dispute as to validity of title to the then existing Title Practices Committee of the State Bar of Georgia Real Property Law Section.

The purchaser was given until November 20, 1972, "to examine title and to advise Seller in writing of objections affecting the marketability of said title." Any written notice required by the contract "shall be mailed by Registered or Certified United States Mail, return receipt requested, to the Seller at the following address: c/o James W. McRae; Troutman, Sanders, Lockerman & Ashmore . . . " Mr. McRae is an attorney at law in the firm of Troutman, Sanders, Lockerman & Ashmore. An affidavit of Mr. Frank W. Armstrong, attorney for defendant, in opposition to the plaintiff's motion for

summary judgment stated that he went to Atlanta, Georgia to the law offices of Troutman, Sanders, Lockerman & Ashmore on or about November 6, 1972, and spoke with Mr. McRae about the difficulty in abstracting the title to such a large tract of land during the allotted time. He stated that Mr. McRae advised him that "his associate Mr. Rowe was cognizant of all title matters pertaining to the tract of land" and Mr. Armstrong "should discuss all title matters with Mr. Rowe." Mr. Armstrong received the information from Mr. Rowe and proceeded to abstract the title to the land in question.

On the final day for examination of title, November 20, 1972, Mr. Armstrong hand-carried a letter to Mr. Rowe in which he stated "we are having difficulty with the chain of title to land lot 71 . . . We are going to endeavor to contact Mr. Pinson today regarding this problem, and we will let you know what he has to say. In the meantime, please let us know if you think we have incorrectly interpreted these deeds, and what action you think appropriate to remedy this difficulty." Mr. Rowe responded on November 24, 1972 with his opinion as to the sufficiency of "evidence of marketability of the title" notwithstanding the points raised by the attorney of the defendant. In addition, he advised Mr. Armstrong that a named title insurance company had issued a policy insuring the land in question, without exception, and "will issue Owner's Title Insurance, without exception to same, to your client." On the appointed day for closing, defendant did not appear. Plaintiff sued, moved for and was granted summary judgment. Defendant's motion for summary judgment and counterclaim for return of the earnest money were denied and overruled. Defendant appeals to this court enumerating as error the granting of summary judgment for plaintiff, and denial of summary judgment and counterclaim of defendant, alleging that there was an issue of material fact as to whether the contract provision relied upon to grant the motion for summary judgment was a penalty provision and void under Georgia law. Defendant further alleged that the plaintiff breached the contract and defaulted on his obligation to furnish marketable title or at least there was

an issue of material fact as to whether or not defendant had defaulted which should have been submitted to a jury. *Held:*

1. This action portrays two corporate real estate entities, represented by attorneys at law, who entered into a very detailed contract which set forth explicitly the rights, liabilities, and acts to be performed by each of the parties. We do not find the letter from the attorney for the defendant to an associate of the law firm representing the plaintiff, to be in full compliance with the specific provisions of the contract. A hand-carried communication, to an associate of a designated representative, regarding "difficulty with the chain of title" to 70 acres of land of a total acreage of 3,613—asking for an opinion of that associate, and indicating continuance of action by his office with a third party, does not qualify as notice of a defect of title, or objection, raising an issue of marketability of title which would defer a sale of realty of this magnitude. The letter was not mailed by registered or certified mail, or addressed to the person, specified by the contract. Neither did it place plaintiff on notice of a defect of title affecting marketability, nor request specific action of plaintiff to remedy such purported defect. Neither the word "objection" nor the phrase "marketability of title" was mentioned in the letter. No reference was made to compliance with the contract provisions as to notice of lack of marketability of title, nor did it request reference to the State Bar Title Practice Committee in the event plaintiff did not satisfy defendant's objection to the "difficulty with the chain of title" to the 70 acres. The failure to comply with an essential condition in the contract and the failure to appear at the place and time designated for closing of the contract amounts to a breach, where—as here, these acts were without legal excuse on his part, and there was no fault of the opposite party. *Douglas v. McNabb Realty Co.,* 78 Ga. App. 845 (3) (b) (52 SE2d 550).

2. Defendant contends that the provisions for retention of the earnest money of $5,000 and the $45,000 promissory note were penalties, therefore void and unenforceable. They argue that for these provisions to

stand as liquidated damages, the parties must intend for them to "liquidate the damages, rather than provide a security for performance *in addition to damages.*" (Emphasis supplied.) They allege that the wording of the contract, i. e. "seller shall . . . retain all original earnest money [$5,000.00] paid hereunder *as partial liquidated damages* . . . collect the proceeds of the indebtedness [$45,000.00]. . . *as further partial liquidated damages* . . ., *and* . . . pursue any and all remedies at law or equity including, but not limited to, an action for specific performance of this Contract" (emphasis supplied), permits plaintiff to recover $50,000 as partial liquidated damages *and* sue for specific performance *and* any other legal or equitable action to secure monetary damages or specific equitable relief.

Does paragraph 13 of the contract here considered permit the seller to retain the sums certain, and also sue for damages, or specific performance as well? We think it does.

The primary definition of the word "and" contained in Webster's New International Dictionary, Second Edition, reads as follows: "1. Expressing the general relation of connection *or addition,* esp. accompaniment, participation, combination, contiguity, continuance, simultaneity, sequence; thus: *along or together with; added to or linked to; as well as;* as without ceasing; *as at the same time;* then; in addition to being; not less truly;—used to conjoin word with word, phrase with phrase, clause with clause." (Emphasis supplied.) A right to pursue any and all remedies available at law or equity including specific performance of the contract in addition to the sum certain payable as "partial liquidated damages" prevents the sum certain from being liquidated damages. As was stated in *Foote & Davies Co. v. Malony,* 115 Ga. 985 (42 SE 413) "[t]he sum of $500 stipulated to be paid for a breach of the contract could not be liquidated damages, because it was to be paid over and above all damages sustained." That the sum certain in the *Foote & Davies* case was not called "liquidated damages" as was that in the present case, is not a controlling factor. If the sum certain is recoverable, in addition to damages, it matters not by what name it is called, it is still a penalty.

What makes it a penalty is its effect, not its name. The effect in the *Foote & Davies* case and in the present case is the same; the sum certain is contracted to be recoverable in addition to regular damages, and it, therefore, becomes a penalty under the very terms of the contract. It is immaterial that the regular damages are not sought by the action in the present case. The same situation was true in the *Foote & Davies* case.

"The designation of a conventional amount will not be held to liquidate the damages, where it is apparent that it was not the intention of the parties that the obligor could escape further liability by paying that sum." *City of Brunswick v. Aetna Indem. Co.,* 4 Ga. App. 722, 728 (62 SE 475).

We conclude, therefore, the trial judge erred in granting summary judgment to the plaintiff in the action on the note, and also in entering a final judgment for principal and interest and attorney fees on the note sued upon while defendant's counterclaim, which alleged a right of recovery was still pending. See *McDonald v. Parker,* 134 Ga. App. 577 (215 SE2d 334). While we cannot review the denial of the defendant's motion for summary judgment on its counterclaim in the absence of a certificate for review *(Southernaire Corp. v. Worley,* 230 Ga. 486, 488 (197 SE2d 726); *Carroll v. Campbell,* 226 Ga. 700 (177 SE2d 83)) the judgment granting judgment in favor of the complainant for the amount sued for in the face of a valid counterclaim is reversed with direction that the merits of the counterclaim be determined in accordance with this opinion.

*Judgment reversed with direction. Bell, C. J., Evans, Clark, Stolz and Webb, JJ., concur. Deen, P. J., Quillian and Marshall, JJ., dissent.*

ARGUED SEPTEMBER 3, 1975 — DECIDED JANUARY 19, 1976 — REHEARING DENIED FEBRUARY 25, 1976 —

*Robinson, Harben, Armstrong & Millikan, Troy R. Millikan,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, J. Stanley Hawkins, John J. Dalton, George W. Brown, Jr.,* for appellee.

QUILLIAN, Judge, dissenting.

I dissent from the majority opinion in Division 2. The majority relies principally upon *Foote & Davies Co. v. Malony,* 115 Ga. 985, 986 (1) (42 SE 413), wherein the court held that "[t]he sum of five hundred dollars stipulated to be paid for a breach of the contract could not be liquidated damages, because it was to be paid over and above all damages sustained." I find *Foote* to be both distinguishable and inapplicable. It is distinguishable because there the complainant sought to recover a sum, not specifically agreed to by the parties to represent liquidated damages, in addition to "all damages sustained." In the instant case the *total amount sought* by complainant *was only* that sum designated by both parties as *"liquidated damages." Foote* is inapplicable because the complainant sought to recover a *substantial sum of money in addition to "all damages* sustained." In this case no sum of money is sought in addition to liquidated damages. No amount is mentioned except that sum agreed by both parties to represent "liquidated damages." In fact no other sum of money *or* course of action was sought except an action for "liquidated damages."

Our disagreement centers on the use by the complainant in the contract, in conjunction with the stipulated damages, of that time honored catchall phrase of lawyers: "and to pursue any and all remedies available to him at law or equity." We find this phrase to be surplusage. The majority finds it to be a penalty clause. To me I do not find the addition of this phrase to render illegal that which was legal. The use of such a phrase should be moot in this case because it was not used—except that it can be argued that it was used in the sense that the complainant did bring a legal action to collect the liquidated damages. If this is true, then the majority opinion holds that in contracts in which both parties stipulate to liquidated damages, if they add the phrase

that the party has a right to sue in law to collect such liquidated damages, the addition of that phrase renders the liquidated damages clause unenforceable because it is a penalty.

I cannot agree with that portion of the opinion which states that paragraph 13 of this contract permits the seller to retain the sums certain "and also sue for damages." That portion of paragraph 13 which they say would permit this is: "and to pursue any and all remedies available to him at law or equity including, but not limited to, an action for specific performance of this contract." Clearly, if *Foote* is applicable as the majority says it is, no action at law or equity would permit damages over and above the set sum agreed to be liquidated damages. The only reason for inclusion of a catchall phrase is for the seller to retain and hold open such options as the law may permit. If and when he attempts to exercise such option, at that time the court can determine if the latter action represents a penalty.

It is evident from the wording of the contract that both parties intended the sum of $5,000 to be liquidated damages if the purchaser defaulted on or before November 6, and thereafter the additional earnest money represented by the $45,000 note to represent additional liquidated damages for a later default. The two sums together represented fully liquidated damages. That amount is what the seller sued for and nothing additional was requested, alleged, or intimated.

I find no fault with the paragraph in issue, inasmuch as no additional sum was contemplated or sued for, nor was any additional action instituted.

I am authorized to state that Presiding Judge Deen and Judge Marshall concur in this dissent.