## 53384. SHAW v. COUSINS MORTGAGE & EQUITY INVESTMENTS.

SMITH, Judge.

Cousins Mortgage & Equity Investments (CMEI) sued Shaw, the appellant, on the contract he signed guaranteeing the Northwest Park Corporation's payment of principal and interest due on a $1,150,000 note. Appellant counterclaimed for $1,000,000, alleging fraud and unjust enrichment. The trial court granted summary judgment for CMEI as to the complaint, awarding judgment in the amount of $987,846.78. We find that the grant of summary judgment for CMEI was error because material issues of fact remained to be resolved in connection with the complaint and because the counterclaim was not ruled upon; we therefore reverse.

On July 18, 1973, the Northwest Park Corporation borrowed $1,150,000 from CMEI. In consideration therefor, Northwest Park executed a promissory note in like amount, payable to CMEI and secured by a Deed of Trust and Assignment of Rents on forty acres of real estate located in Arizona. The note provided that Northwest Park's interest payment would be due on the first day of each month and that failure to pay interest on time would result in acceleration of the note's maturity and Northwest Park's immediate liability for the entire principal plus interest. Also on July 18, 1973, appellant, part owner of Northwest Park, signed a contract

"unconditionally" guaranteeing "full and prompt payment when due, whether by acceleration or otherwise, of the principal indebtedness, interest . . . costs of collection (including attorney's fees), and all other indebtedness evidenced by the attached" note. On September 5, 1974, because of Northwest Park's failure to make timely payment of two interest installments amounting to $30,515.62, CMEI demanded from appellant full payment of $1,050,000 remaining principal, plus the interest due and attorney fees. As a result of an Arizona judgment entered for CMEI in a foreclosure proceeding, a judicial sale was conducted on August 6, 1976, at which time Herbert J. Dickson, CMEI's nominee, bought the Arizona tract for $525,000, of which amount $517,101.76 was applied to the judgment. The court below, in awarding judgment to CMEI, credited appellant with that $517,101.76.

1. Appellant came to Atlanta and executed the guarantee, which explicitly provided that it was "to be construed and governed according to the laws of the State of Georgia." Therefore, because the instant cause of action arose out of appellant's transacting business within the state, the trial court was correct in holding that, under Ga.L. 1970, p. 443 (Code Ann. § 24-113.1), it had personal jurisdiction over him. *Davis Metals v. Allen,* 230 Ga. 623 (198 SE2d 285); *North Peachtree I-285 Properties Ltd. v. Hicks,* 136 Ga. App. 426 (221 SE2d 607).

2. The trial court did not err in overruling appellant's motions to dismiss alleging that appellee, a business trust, lacked capacity to sue and that appellee was not the real party in interest. Ga. L. 1959, pp. 44, 45 (Code Ann. § 3-117) provides: "An action or suit may be maintained by and in the name of any unincorporated organization or association." Appellant is an unincorporated association and thus had capacity to institute this action. Too, as it was the lender under the contracts in issue, appellee certainly had the "right sought to be enforced" and therefore was the real party in interest. 3A Moore's Federal Practice 221, § 17.07.

3. Because appellant did not allege that CMEI had *willfully* failed to file a tax return on the note, the trial court did not err in overruling appellant's plea that Ga.L.

1937-1938, Ex. Sess., pp. 156, 161 (Code Ann. § 92-125) barred this action.

4. The appointment of a receiver is a matter left to the trial court's discretion. Code § 55-301. There is no evidence that the court abused its discretion in overruling appellant's motion for such an appointment.

5. The fact that no superior court in Georgia would have jurisdiction over the Arizona property renders meritless appellant's contention that, before limiting his "credit" for the property to $517,101.76, the court first should have required CMEI to have the sale confirmed under Ga. L. 1935, p. 381 (Code Ann. § 67-1503).

6. Because material issues of fact remained as to the complaint, the trial court erred in granting summary judgment for appellee. Appellant alleged as a defense that the appellee's declaration of default was premature because, at the time of that declaration, appellee held a $100,000 fund belonging to Northwest Park. As guarantor of payment, appellant became liable only if Northwest Park failed to pay when due. UCC § 3-416(1) (Code Ann. § 109A-3—416 (1)). If the appellee in fact held such a fund, then Northwest did *not* fail to pay, and appellee's demand of full payment by appellant would be premature as a matter of law. Appellee did not conclusively disprove that this state of facts existed.

Appellant also alleged facts which, if proved, would show that appellee breached its contractual duty under the note and would estop appellee from asserting that Northwest Park had failed to pay when due. A clause of the note provided that Northwest Park (Obligor) *"shall be entitled* to obtain a release for that portion of the Property sold in a bona fide sale by Obligor or to be developed by Obligor and for which Obligor has a bona fide construction loan."* (Emphasis supplied.) Appellant alleged that Northwest Park in fact had arranged a proper sale of a portion of the Arizona property and that the proceeds from the sale would have enabled Northwest Park to pay appellee in full and on time, but that appellee had wrongfully refused to release the property so that the sale might be realized. Nowhere did appellee prove conclusively that it was not, by these facts, estopped to assert that Northwest Park had not paid when due.

Because at least these material questions of fact remained as to the complaint, it was error to grant summary judgment for appellee.

7. Appellant counterclaimed for $1,000,000. He alleged that appellee's intent on entering this transaction had been to defraud Northwest Park, of which he was part owner, by acquiring the Arizona tract on foreclosure at a price far less than its true market value. He further contended that appellee had been unjustly enriched at his expense by its ultimate acquisition of the property, worth far more than the amount Northwest Park had borrowed from appellee. It was error for the trial court to grant summary judgment for appellee on its complaint without ruling also upon this counterclaim. *Real Estate World v. Southeastern Land Fund,* 137 Ga. App. 771 (224 SE2d 747).

8. All other enumerations of error present either meritless contentions, harmless errors, or errors which will not occur after remand.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 31, 1977 — DECIDED JULY 12, 1977.

*Green & Butler, William O. Green, Jr., Larry K. Butler, William B. Cherry, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, Kirk W. Watkins,* for appellee.