**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 22, 2023**

# In the Court of Appeals of Georgia

A23A0460. GRAE HOSPITALITY, LLC v. LL ATLANTA, LLC.

RICKMAN, Chief Judge.

This contract case involves a dispute over the sale of a nightclub and event center. A jury found in favor of LL Atlanta, LLC, and against Graé Hospitality, LLC ("Graé"), on LL Atlanta, LLC's claims for breach of contract and attorney fees. Graé appeals, contending that the jury's verdicts are not supported by the evidence and that the trial court erred in its instructions to the jury. For the reasons that follow, we reverse the judgment of the trial court and remand for a new trial.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that LL Atlanta, LLC, and several other parties (collectively referred to as "LL Atlanta") entered into an agreement with Graé for the purchase and sale of a business known

---

[1] See *Almond v. McCranie*, 283 Ga. App. 887, 888 (643 SE2d 535) (2007).

as the Opera Nightclub and Atlanta Event Center on October 19, 2018. Under the asset purchase agreement ("APA"), Graé agreed to pay LL Atlanta $3,600,000 directly and place $400,000 in escrow to be paid to LL Atlanta one year after closing. It is undisputed that Graé made these payments.

In January 2019, a sexual assault at the nightclub was live-streamed on the internet, resulting in national media attention and a lawsuit against Graé. On March 28, 2019, Graé sent a letter to LL Atlanta alleging that a number of the representations in the APA were "false, materially inaccurate and/or have been breached" and stating that Graé was electing to rescind the APA due to fraud. Graé demanded the immediate return of the purchase price (including the escrowed funds) and stated that if LL Atlanta failed to return the purchase price, Graé would "have no choice but to file suit . . . to effectuate the rescission of the [APA] based upon fraud." In the letter, Graé stated that if it filed suit, it would also seek money damages, attorney fees, and punitive damages.

LL Atlanta filed a complaint against Graé seeking a declaratory judgment that the APA was valid and enforceable and asserting claims for breach of contract and attorney fees. Graé counterclaimed, asserting claims for fraudulent inducement, breach of contract, punitive damages, and attorney fees. After several counterclaim

2

defendants were added, a jury found in favor of LL Atlanta and against Graé on LL Atlanta's claims for breach of contract and attorney fees. Graé filed a motion for new trial, which the trial court denied. This appeal followed.

1. Graé contends that the jury's verdicts for breach of contract and attorney fees are not supported by any evidence. We agree.

We review the sufficiency of the evidence to support the jury's verdict under the "any evidence" standard of review to determine if Graé is entitled to a new trial. See *Aldworth Co. v. England*, 281 Ga. 197, 201 (2) (637 SE2d 198) (2006). "In construing a verdict, we look to the pleadings, the issues made by the evidence, and the charge." (Citation and punctuation omitted.) *Bloom v. Camp*, 336 Ga. App. 891, 892 (1) (785 SE2d 573) (2016).

(a) Breach of contract. In Georgia, "[a] contract is an agreement between two or more parties for the doing or not doing of some specified thing." OCGA § 13-1-1. "A contract is breached by a party to it who is bound by its provisions to perform some act toward its consummation and who, without legal excuse on his part and through no fault of the opposite party, declines to do so." *Douglas v. McNabb Realty Co.*, 78 Ga. App. 845, 846 (52 SE2d 550) (1949). "[A] breach of contract may arise in any one of three ways, namely, by renunciation of liability under the contract, by

3

failure to perform the engagement, or by doing something which renders performance impossible[.]" (Citation and punctuation omitted.) *Hanham v. Access Mgmt. Group*, 305 Ga. 414, 418 (2) (825 SE2d 217) (2019).

In its complaint, LL Atlanta alleged that Graé "breached the [APA] through its purported repudiation and alleged attempted rescission of the [APA]." The trial court instructed the jury that "[t]he essential elements of a right to recover for breach of contract are (1) the breach and (2) resulting damages (3) to the party having the right to complain about the breach." Although the trial court did not charge the jury on what constitutes a breach of contract,[2] in closing argument, LL Atlanta argued to the jury that "Graé breached the contract . . . when they said we are going to pay you $4 million for this club, when they sent the letter and said we've . . . changed our mind, we want our money back, we are going to suggest to you that you can conclude that that constituted a breach of contract." LL Atlanta also asked the jury to determine that when "the March 28, 2019 letter saying we've changed our mind, we want our money back, and if you don't, we are going to sue you, . . . that constituted a breach of our

_____

[2] At the charge conference, the parties disagreed on proposed charges as to what constitutes a breach of contract. The trial court refused to give the proposed charges and instructed the parties to argue their respective positions in closing argument.

contract." Regarding the verdict form, LL Atlanta told the jury, "Your first question will be: Did Graé Hospitality, LLC breach a contract with LL Atlanta, LLC? We will ask you to check yes. The contract was breached when they told us they changed their mind and they didn't want the club anymore after the rape." Graé's March 28, 2019 letter to LL Atlanta was admitted into evidence at trial.

On appeal, LL Atlanta argues that the question of whether Graé's "failure to properly employ and distribute the funds per the escrow agreement contemplated under Sections 2, 3, and 4 of the APA constituted a breach of contract" was also properly before the jury, but this theory of breach was not alleged in the complaint, was not addressed in the trial court's charge to the jury, and was not argued by LL Atlanta to the jury.

The only theory of breach of contract alleged in the complaint and argued by LL Atlanta to the jury was that the March 28, 2019 letter demanding the return of the purchase price constituted a breach of the APA. Thus, for the jury to have found that Graé breached the APA, it could only have done so based on this theory.

The APA obligated Graé to pay LL Atlanta $3,600,000 directly and place $400,000 in escrow. It is undisputed that Graé performed these obligations. Because Graé did not decline to perform its duty to pay the purchase price as required by the

5

APA, the March 28, 2019 letter demanding the return of the purchase price did not constitute a breach of contract. See *Douglas*, 78 Ga. App. at 846. Thus, under the circumstances of this case, the evidence did not support the jury's breach of contract verdict. See id.

(b) Attorney fees.

In its complaint, LL Atlanta alleged that it was entitled to attorney fees due to Graé's "purported repudiation and resulting breach of the [APA]." Paragraph 8 of the APA includes the following indemnification provision:

> [Graé] agrees to indemnify . . . [LL Atlanta] from and against, and pay or reimburse [LL Atlanta], as the case may be for, any and all liabilities, losses, damages, . . . costs and expenses (including reasonable fees and expenses of attorneys . . . paid in connection with the investigation or defense of . . . any of the foregoing or any proceeding relating to any of the foregoing) which [LL Atlanta] may suffer, sustain or incur directly or indirectly arising out of, relating to or otherwise by virtue of . . . a breach by [Graé] of any of its covenants or agreements contained in this Agreement . . . .

The trial court instructed the jury that "where a contract contemplates an award of attorneys' fees to a prevailing party or an award of attorneys' fees based on the opposing party's breach of the contract, a jury may award . . . the reasonable value of

6

the attorneys' fees incurred." The only theory presented to the jury on attorney fees was based on LL Atlanta's contention that Graé breached the APA. In Division 1 (a), we concluded that there was no evidence that Graé breached the APA. Consequently, there was no basis to support the jury's award of attorney fees.

Graé did not move for a directed verdict in the trial court. Consequently, Graé is not entitled to judgment as a matter of law, but is only entitled to a new trial. See *Aldworth Co.*, 281 Ga. at 199 (2) ("we conclude that OCGA § 5-6-36 (a) should be interpreted to permit a party to obtain only a new trial on appeal if [it] prevails on a claim that the evidence was insufficient to sustain the verdict, but failed to move for a directed verdict on that ground at trial.") Accordingly, we reverse the judgment of the trial court and remand this matter for a new trial.

2. In light of our holdings in Division 1, we need not address Graé's other enumerations of error.

*Judgment reversed and remanded. Dillard, P. J., and Pipkin, J., concur.*

7